## GORDON *v.* WEST *et al.,* executors.

1. An arrest and imprisonment · under valid process furnish no cause of action for false imprisonment.

2. Where defendant in an action of trover is arrested and imprisoned under bail process ancillary thereto, and is discharged under the provisions of the Civil Code, § 4608, his right of action, if any he has, either for false imprisonment, or for the malicious abuse of process, or for the malicious use of process, accrues, not upon the termination of

. the action in trover, but at the time of his discharge from imprisonment, and if not brought within two years thereafter is barred by the . statute of limitations.

3. The petition was properly dismissed upon demurrer.

Argued June 22,—Decided November 15, 1907.

Action for damages. Before Judge Wright. Floyd superior court. December 4, 1906.

*Henry Walker,* for plaintiff. *M: B. Eubanks,* for defendant.

FISH, C. J. On April 24, 1906, Andrew Gordon filed a petition against William J. West, the substance whereof so far as material, briefly stated, was: On January 23, 1903, defendant brought against plaintiff an action of bail-trover, and on the same date the Southern Banking and Trust Company and M. N. West & Company each instituted a similar action against the plaintiff, the three suits being for personalty of the same character. The bail process in each case was founded upon an affidavit therefor made by the defendant. On January 28, 1903, the plaintiff was arrested and lodged in jail under such bail proceedings. On the day of his arrest he filed petitions, in accordance with the statute, for his discharge; but a hearing thereon was not had, by reason of postponements at the instance of counsel for defendant in the present case, until February 4, 1903, plaintiff having been confined in jail in the meantime, when the court granted, in each case, an order as follows: "Upon the call of this case for a hearing of the motion to discharge from custody, without trying same, and by consent of plaintiff, the defendant is discharged from jail on his own recognizance conditioned as required by statute." On April 28, 1904, the three actions of trover were tried, and a money verdict was rendered in each in favor of the plaintiff therein. In the petition in the present case, damages were laid for lost time, the disgrace and humiliation and ruined clothing, all caused by plaintiff's imprisonment, and for attorney's fees. The petition was demurred to generally and specially. The court granted a general order sustaining the demurrers and dismissing the petition; to which ruling the plaintiff excepted. Pending the case in this court, the defendant in error died, and the executors of his will, A. S. West and E. A. Heard, were duly made parties defendant in error. On account of the very loose and general allegations of the petition, it is rather difficult to decide whether the cause

of action intended to be set forth therein was false imprisonment, malicious abuse of process, or malicious use of process, or whether the purpose was to make the petition cover all three causes of action.    We will not deal with the special demurrers; for the petition was properly dismissed upon general demurrer, even if it properly set forth any one or more of the above-stated causes of action.

1. In the absence of anything appearing to the contrary in the petition it must be assumed that the bail proceedings under which plaintiff was arrested and imprisoned were regularly sued out and valid, and therefore that the arrest and imprisonment of plaintiff were by lawful process.    This being true, the plaintiff had no right of action for false imprisonment.    *Joiner* v. *Ocean Steamship Co.*, 86 *Ga.* 238; *Page* v. *Citizens Banking Co.*, 111 *Ga.* 73 (7).

2. If the present suit were based upon any one or more of the causes of action above named, it is apparent from the petition that the action was barred by the statute of limitations, as "Actions for injuries done to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year."    Civil Code, § 3900.    It has been held that the words, "injuries done to the person," as here used, are not restricted to mere bodily or physical injuries, but comprehend all injuries to the person, including malicious arrest, false imprisonment, injuries to health, etc.    *Johnson* v. *Bradstreet Co.*, 87 *Ga.* 79; *Hutcherson* v. *Durden*, 113 *Ga.* 987.    In *Montague* v. *Cummings*, 119 *Ga.* 139, it was held that an action for the malicious abuse of process must be brought within two years after the right of action accrues; and it is a well-recognized rule that to maintain such an action it is necessary that the suit in which such process issued has been terminated. *Mullins* v. *Matthews*, 122 *Ga.* 286; 13 Enc. Pl. & Prac. 452; 19 Am. & Eng. Enc. L. 632.    A different rule applies, however, to an action for the malicious use, without probable cause, of civil process; for it is, in general, essential to the maintenance of such an action that a legal termination of the action complained of should be shown, and that such termination was in favor of the plaintiff in the action for the malicious use of process.    *Mullins* v. *Matthews*, 122 *Ga.* 286; 19 Am. & Eng. Enc. L. 680; 13 Enc. Pl. & Pr. 444.    Where, however, the proceeding complained of was merely

ancillary to an action, such as an arrest of the body on civil process, it is not necessary to show that the action itself has been ended, but only that the auxiliary proceeding has been terminated in favor of the plaintiff suing for the malicious use of such proceeding. 13 Enc. Pl. & Pr. 448. In Hogg *v.* Pinkney, 16 So. Car. 387, which was an action for damages for malicious arrest, under bail process, for an alleged fraud in contracting a debt, it was held that "While the plaintiff should allege, in his complaint, that the order of arrest had been vacated before the commencement of his action, it was not necessary that he should also allege that the action itself, in which the arrest was made, had been ended." To the same effect is Ingram *v.* Root, 51 Hun, 238. See also Fortman *v.* Rottier, 8 Ohio St. 548; Wood *v.* Laycock, 60 Ky. 192. The reason for the rule that an action for malicious use of process does not accrue till the proceeding complained of has terminated in favor of the defendant therein is, that the essential elements of such a cause of action and of one for malicious prosecution of a criminal case are the same (*Woodley* v. *Coker,* 119 *Ga.* 226), and it is settled that no action for malicious prosecution of a criminal proceeding can be maintained till such proceeding has been determined in favor of the accused, for "no man can say of an action still pending that it is false or malicious." Parker *v.* Langley, 10 Mod. 209. If the accused should be convicted, he could not maintain an action, however malicious the prosecution may have been, for the verdict would be conclusive of probable cause, unless shown to have been procured by fraud; and he can not sue before the prosecution is terminated, because he may be convicted. Or, differently stated: "The principle which requires the prosecution to have been terminated favorably to the plaintiff before he can maintain an action therefor is, that while the prosecution is pending undetermined, or when it has been determined adversely to the plaintiff in the action, the want of probable cause therefor can not be shown in a collateral suit. The proceedings in the prosecution are evidence of their own rectitude until set aside in the due course thereof." Foster *v.* Orr, 17 Oregon, 447. "But [as was said by Scott, J., in Fortman *v.* Rottier, 8 Ohio St. 548] the reason of this rule can only apply to suits in which the prosecutor or plaintiff, in the suit complained of, tenders an issue to the defendant, involving an inquiry into the existence of proba-

ble cause. Where the defendant has his day in court upon the trial of this issue, it is but reasonable to require that he shall, by the result of the trial, show, the criminal charge to be unsustained. by proof, or the alleged cause of action to be invalid, before he shall be permitted to claim, in another suit, that either was malicious and without probable cause. Were the rule otherwise, a recovery might be had for a malicious prosecution, and the plaintiff still be convicted, or have judgment against him, in the former suit. . . The general principle seems to be, that when the termination of the former suit can neither tend to establish nor invalidate the plaintiff's cause of action, it is not necessary to aver such termination."

In the case now before the court, the judicial determination of the suits in trover, to which the bail proceedings were merely ancillary, though adverse to the present plaintiff, could not be proof of probable cause for the suing out and prosecuting the bail proceedings against him; for he would not, on the trial of the trover cases, have his day in court upon that question, as it would not be necessarily involved, the issue there being whether the defendant had converted the personalty of the plaintiff sued for, prior to the institution of the action and within the period of the statute of limitations, and a finding that he had would throw no light on the question as to whether there was probable cause for the bail proceedings. Under the statute (Civil Code, §4604), the plaintiff in an action of trover, or his attorney, etc., in order to have bail process issue, must make affidavit that the property sued for is in the possession, custody, or control of the defendant, and that he has reason to apprehend that it has been or will be eloigned or made away with, or will not be forthcoming to answer the judgment, etc., that shall be made in the case. And under §4608, the only questions raised by the petition of the defendant in the bail-trover proceeding for his discharge from imprisonment are, can he give the security required by law, or produce the property, and if not, are the reasons for the non-production satisfactory; and if upon the hearing these questions are decided in his favor, he shall be discharged upon his own recognizance, conditioned for his appearance to answer the suit. We think it clear, from what has been said, that if the plaintiff had a cause of action for the malicious use of the bail proceedings, it accrued upon

his discharge from imprisonment, and not upon the determination of the trover cases.

3. As we have seen, the present action was not brought within two years from the time plaintiff was discharged from imprisonment, and was therefore barred, whether it was for false imprisonment, the malicious abuse, or the malicious use, of civil process, and hence was properly dismissed upon demurrer.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*