## 5177.  GRIST *v.* WHITE.

1. The petition in the present case can not be construed as setting forth a cause of action for false imprisonment, for it is alleged that the process under which the plaintiff was arrested was legal and valid. The petition does not set forth a cause of action either for malicious arrest or for malicious prosecution, for it fails to allege either that the prosecution terminated in the plaintiff's favor or that the process under which the arrest was made has been vacated.
2. An action will not lie for the malicious abuse or the malicious use of criminal process, such forms of action being applicable only to civil process. Where a criminal process, valid on its face, has been maliciously sued out without probable cause, an action for malicious arrest or malicious prosecution is the only remedy.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Blakely—Judge Sheffield. August 18, 1913.

*Rambo & Wright,* for plaintiff in error.
*Sheffield & Askew,* contra.

POTTLE, J.   The petition alleges that on a certain date the plaintiff sold to the defendant a bale of cotton for $50; that some time afterward another person had the bale levied on in the hands of the defendant, under a claim against the plaintiff; that immediately after the levy the defendant swore out a warrant charging the plaintiff with a "crime," and caused it to be delivered to the deputy sheriff of the county, and the plaintiff to be arrested thereunder and to be placed in the county jail and kept for one night and until eight o'clock the next morning; that the night was cold and the plaintiff had no fire nor anything to sleep upon or to cover himself with; that he had committed no crime of any nature to justify the swearing out of the warrant, and that the defendant, knowing this, swore the warrant out without any reasonable or probable cause; that it was sworn out not for the purpose of convicting him of crime, but for the purpose of extorting from him the amount of money which he had been paid for the cotton; that

on the day after the warrant had been served he was allowed to go at liberty, without any bond for his appearance being required, and he has never been given a commitment trial or other trial on the warrant; that the defendant has abandoned the prosecution, and. it is now fully determined and ended. The plaintiff alleges that damage has been done to his reputation, and that he has been brought into public scandal, infamy, and disgrace among his neighbors; that his health has been injured by reason of the swearing out of the warrant and his incarceration thereunder, and that he has suffered great mental anguish and bodily pain by reason of the incarceration, and has been damaged in the whole in the sum of $10,000.

The defendant demurred on the grounds, that no cause of action is set forth, and that it appears from the petition that it is an attempted suit for malicious prosecution, and it does not appear that the warrant was valid or that it charged the petitioner with a punishable crime. Different paragraphs of the petition were demurred to specially. The 6th paragraph was demurred to because the allegation therein that "said prosecution is now fully determined and ended" is an erroneous conclusion of the pleader, and is not true as a matter of law. The plaintiff amended the petition by striking the word "crime" and inserting in lieu of it "the offense of a misdemeanor," and amended the sixth paragraph by striking the words: "and said prosecution is now fully determined and ended." To the petition as amended the demurrer was renewed; the demurrer was overruled, and the defendant excepts.

1. It is not contended that the action is sustainable as one for false imprisonment. It is distinctly alleged that the warrant under which the plaintiff was arrested was valid; and, this being so, the imprisonment could not be false. Civil Code, § 4447; *Gordon* v. *West,* 129 *Ga.* 532 (59 S. E. 232, 13 L. R. A. (N. S.) 549). Nor is it insisted that the petition sets forth a cause of action for malicious prosecution. By amendment the plaintiff struck from the petition the averment that the prosecution had terminated; thus clearly evidencing an intention not to proceed against the defendant for malicious prosecution. Civil Code, § 4446. If, therefore, the petition sets forth a cause of action at all, it must be either for malicious arrest, under section 4450, or for the malicious use or abuse of legal process. The allegations are not sufficient to set

forth a cause of action for malicious arrest, for the petition fails to allege that the order of arrest had been vacated or the warrant dismissed before the institution of the action. See *Gordon* v. *West,* supra. While, under the code, an arrest under process of law will give rise to an action for damages, if the arrest be made with malice and without probable cause, still there must have been a judicial ascertainment of the fact that the arrest was unlawful, evidenced by an order dismissing the warrant or vacating the process under which the arrest was made. 3 Cyc. 977.

2. The plaintiff, in his petition, does not undertake to classify his form of action; nor is this necessary, for if the facts set forth by him entitle him to pecuniary redress the court will supply the remedy. Civil Code, § 5506. Can the action be maintained as one for the malicious abuse or the malicious use of legal process? There is no authoritative ruling either by the Supreme Court or by this court that an action will lie for the malicious use or abuse of criminal process. The case of *Porter* v. *Johnson, 96 Ga.* 145 (23 S. E. 123), does not so rule. In that case the process involved was a dispossessory warrant, and while broad language is used in the decision as to when an action for the malicious abuse of legal process will lie, the decision is not authority for the position taken by counsel for the defendant in error. In *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101), the process alleged to have been maliciously abused was a distress warrant; and while there appears in the opinion a quotation from the American & English Encyclopedia of Law (2d ed.), vol. 19, p. 630, to the effect that an action for the malicious abuse or use of criminal process will lie, no direct ruling was made on the point, and the question was not involved in that case. In *Clement* v. *Orr, 4 Ga. App.* 117 (60 S. E. 1017), the court was dealing with civil process, and the question whether an action would lie for the malicious use or abuse of criminal process was not involved. In truth the form of action for the malicious use or abuse of process is applicable only to civil process, while an action for malicious arrest or malicious prosecution is applicable only to criminal process. This distinction was evidently in the mind of the Supreme Court in several recent decisions, although the point was not definitely decided. For example, in *Brantley* v. *Rhodes-Haverty Furniture Co., 131 Ga.* 276 (66 S. E. 222), the court refers to a suit for malicious prosecution of a criminal case

and the malicious use of legal process in a civil case, and shows that substantially the same proof is necessary to sustain both forms of action. See also *King* v. *Yarbray,* 136 *Ga.* 212 (71 S. E. 131), where the court held that for the malicious abuse of civil process an action for damages will lie. To the same effect see *Atlanta Ice & Coal Co.* v. *Reeves,* 136 *Ga.* 294 (71 S. E. 421, 36 L. R. A. (N. S.) 1112), where the court says: "If civil process is unlawfully made use of for a purpose not justified by the law, this is an abuse for which an action will lie." In *King* v. *Yarbray,* supra, the court points out the distinction between an action for a malicious arrest and one for the malicious use of civil process, holding that the former may be maintained before the termination of the action on which the process is issued, and that an action for the malicious use of legal process, where any object is contemplated other than the proper effect and execution of the process, can not be commenced until the action for which the process issued has been finally determined in favor of the defendant therein. In *Gordon* v. *West,* supra, it was held that the reason for the rule that an action for the malicious use or abuse of process does not accrue until the proceeding complained of has terminated in favor of the defendant therein is that "the essential elements of such a cause of action and of one for malicious prosecution of a criminal case are the same." See also *Woodley* v. *Coker,* 119 *Ga.* 226 (46 S. E. 89). "Under the common-law nomenclature an action for unlawfully arresting and imprisoning another is trespass, while for maliciously prosecuting another or causing or procuring his arrest it was an action on the case. The former is the action for false imprisonment; the latter for a malicious prosecution or malicious arrest." Newell on Malicious Prosecution, § 7. In the early case of *Riley* v. *Johnston,* 13 *Ga.* 260, it was held that where an injury to a person is effected by a regular process of a court of competent jurisdiction, case is the remedy and trespass is not sustainable, although the process may have been maliciously adopted. See also *Melson* v. *Dixon,* 63 *Ga.* 682 (36 Am. R. 128). In *Joiner* v. *Ocean Steamship Co.,* 86 *Ga.* 238 (12 S. E. 361), the decisions just referred to were cited, and it was held distinctly that "Where the arrest is by valid process regularly sued out, action for malicious prosecution is the only remedy." This language must, of course, be understood to be applicable to a case where a criminal prosecu-

tion under a valid process was carried on and has ended. In such a case an action for malicious prosecution is the exclusive remedy, and an action for false imprisonment or malicious arrest will not lie. If a criminal process is sued out maliciously and an arrest is made under it, an action for malicious arrest will lie if the action be not so far carried on as to authorize an action for malicious prosecution. *Swift* v. *Witchard,* 103 *Ga.* 193-197 (29 S. E. 762). As we have seen above, this form of action will not lie until the process under which the arrest was made has been vacated. See also *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73-85 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144). The three actions—malicious arrest, malicious prosecution, and false imprisonment— constitute all the forms of action which may be employed in a case where a person has been arrested or detained under a criminal process. Of course, an action for false imprisonment will lie where a person is unlawfully detained under a void process, or under no process at all, and can not be maintained where the process is valid, no matter how corrupt may be the motives of the person suing out the process or how unfounded the imprisonment may be.

3. The evident purpose of the pleader was to state a cause of action against the defendant for maliciously causing the arrest of the plaintiff and maliciously prosecuting him after the arrest was made. The petition is lacking in the averments essential to constitute an action for malicious arrest or malicious prosecution, and its insufficiency in this respect can not be avoided by denominating the action one for the malicious abuse of process. If this were not true, it would never be necessary in a suit for an injury resulting from the wrongful use of criminal process to allege either that the prosecution was ended or that the process had terminated in the defendant's favor, or that the order of arrest had been vacated, and the result would be that damages might be recovered by one who had been adjudged guilty of the crime charged in the warrant, or who might, subsequently to the institution of the action for damages, be prosecuted to conviction. A guilty man ought not to be allowed to recover damages for his arrest and imprisonment merely because the motive which inspired the prosecution was private malice rather than the public good. If this were true, the dockets of the courts would be filled with suits for damages grow-

ing out of the issuance of criminal warrants. It would only be necessary to allege that the criminal process was abused, and that the party causing it to be issued was actuated by malice and acted without probable cause. Thus in every case while the process was still pending the question as to probable cause might be determined one way on the civil side of the court, where the defendant in the warrant could be sworn as a witness in his own behalf, and the jury on the criminal side might later find him guilty of the crime charged in the warrant. The law contemplates that before any action will lie, there must have been a final disposition in the defendant's favor of the process under which the arrest was made. The demurrer should have been sustained. *Judgment reversed.*