26787. BARNES *v.* GOSSETT OIL COMPANY *et al.*

DECIDED JUNE 24, 1938.

*G. C. Thompson, N. F. Culpepper,* for plaintiff.

*Beck, Goodrich & Beck, Hatchett & Hatchett,* for defendants.

MACINTYRE, J. This case has once before appeared in this court (56 *Ga. App.* 220). The court there held that the judge erred in granting a nonsuit, because there was sufficient evidence, if believed by the jury, to authorize a finding that the prosecution of the plaintiff by the defendants upon an accusation charging him with a violation of the Code, § 105-801, was malicious and without probable cause. Upon the new trial, the subject of the present writ of error, the evidence was substantially the same except in one particular hereinafter pointed out. The only question is, does this new and additional evidence bring the case without the ruling made when the case formerly appeared before this court? This will necessitate a consideration of the facts. This suit was instituted against Gossett Oil Company, Gossett, its general manager who authorized for the corporation the institution of the prosecution, and Jordan, an agent of the corporation who actually swore out the warrant. It appears that the plaintiff, at the time of and prior to the alleged malicious prosecution, was engaged in selling at retail gasoline and oil. The defendant corporation, a wholesale dealer in these products, acting by and through one Clements, its duly authorized agent, sold the plaintiff various amounts of such products over a period of several months before and sometime after the plaintiff gave the check upon which the prosecution was based. On many occasions the plaintiff gave to Clements checks which were returned by the bank for insufficient funds, and were subsequently taken up by the plaintiff. The plaintiff testified positively that when he gave the check upon which he was prosecuted he informed Clements that he did not have sufficient funds in the bank to meet the same, and that this was understood by prior dealings. It did not clearly appear in the former trial that Gossett and Jordan did not have this same information, but upon the present trial it appeared that they did not, and further, that they submitted all of the facts within their knowledge to the solicitor who advised

the prosecution. Therefore we are of the opinion that the directed verdict was correct as to these defendants. *Hicks* v. *Brantley,* 102 *Ga.* 264 (29 S. E. 459); *Baker* v. *Langley,* 3 *Ga. App.* 751 (60 S. E. 371); *Thornton* v. *Story,* 24 *Ga. App.* 503 (101 S. E. 309). However, we do not think it necessarily follows that the verdict was correct as to the defendant corporation. The corporation was charged with the knowledge of its agent Clements that the check was purely a credit transaction. It is not claimed that this information was detailed to the solicitor by the agents of the corporation responsible for the prosecution, for, as above stated, it does not appear that such agents had this information. It is to be presumed that the solicitor would not have advised the prosecution had he been informed that the plaintiff told Clements that he did not have sufficient funds in the bank to cover the check. Under the facts and the law of the case as heretofore established, the jury would have been authorized to find that the corporation prosecuted the plaintiff with full knowledge of his innocence of the crime charged. We are of the opinion that the judge erred in directing the verdict for this defendant.

*Judgment affirmed in part and reversed in part. Broyles, C. J., and Guerry, J., concur.*