48962. STEPHENS v. BIG APPLE SUPERMARKETS et al.
48963. HOOD v. BIG APPLE SUPERMARKETS et al.

Clark, Judge. These appeals are by two plaintiffs from summary judgments granted defendant corporations on suits alleging both false imprisonment and malicious arrest.

The briefs submitted by both parties in the two appeals detail facts contained in depositions which were referred to as part of the summary judgment motions. Although the appeal record in each

case contains the trial clerk's certificate that there has been transmitted "a true and correct copy of those portions of the record of file and required by the Notice of Appeal" these depositions are not before us. Our record in each case is identical, containing only the complaint, answer, and summary judgment motion with an amendment to the latter being an affidavit of F. Larry Salmon, District Attorney for the Rome Judicial Circuit. The pertinent portions of this affidavit recite that "the plaintiffs in each of these respective cases are defendants in regard to misdemeanor charges arising out of certain bad check violations . . . [That] in connection with these two pending cases, arising out of warrants taken out by Mr. Joe Williamson, our investigation became dormant, and therefore, these cases have not been heard or terminated. . . [and] it is the intention of the District Attorney, Rome Judicial Circuit, to revive these cases so that there can be a proper disposition and termination of the charges, which has not yet occurred."

1. "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel. [Cits.]" *Jenkins v. Board of Zoning &c. Columbus,* 122 Ga. App. 412, 413 (2) (177 SE2d 204). Accordingly, we cannot consider the facts referred to in the briefs, these facts being taken from depositions which are not made a part of the appeal record.

2. Hon. Andrew J. Cobb,[1] one of the greats in Georgia's jurisprudential history, wrote the definitive law on false imprisonment actions in *Page v. Citizens Banking Co.,* 111 Ga. 73, 86 (36 SE 418). There he stated: "It is a rule of law in this connection which admits of no exception, that where there is an arrest on a valid warrant—one neither void nor voidable, — it is not a false imprisonment, and no liability is incurred by any person whomsoever, whether immediately or only remotely connected therewith. And the rule applies, no matter how

---

[1] Justice Cobb was born on April 12, 1857, at the time when his father, who had been Speaker of the House of Representatives in Congress, was serving as Secretary of the Treasury in President Buchanan's cabinet. His memorial is in 162 Ga. 843 wherein is related that as author of *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, he wrote the first opinion recognizing the existence of the "right of privacy."

corrupt or unfounded or mistaken the motives which induced the issuance or execution of the warrant may have been."

As the district attorney's affidavit demonstrates that the arrests complained of were founded upon warrants, and as there is no allegation that the warrants are not valid, there was no error in granting defendants' motion for summary judgment on the false imprisonment averments. See *Sanders v. Jacobs,* 119 Ga. App. 101, 102 (166 SE2d 433) which held that "There was no issue raised as to whether the warrant was void on its face either in the pleadings or in the evidence considered on the motion for summary judgment" and accordingly summary judgment for defendant was proper.

3. As to the claim for malicious arrest: "It is well-settled law that an action either for malicious arrest or for malicious prosecution is subject to general demurrer if the petition fails to allege or to show that the prosecution terminated in the plaintiff's favor. [Cits.]. . . It will be observed that the count does not allege that the prosecution terminated *in favor of the plaintiff,* and *no amendment to the count was filed.* And the question is, did the count show, in the absence of such allegation, that the prosecution had ended in the plaintiff's favor? In *Grist v. White,* supra [14 Ga. App. 147] on page 149, this court said: 'While, under the Code, an arrest under process of law will give rise to an action for damages, if the arrest be made with malice and without probable cause, still there must have been a *judicial ascertainment* of the fact that the arrest was unlawful, evidenced by *an order* dismissing the warrant or vacating the process under which the arrest was made.' " *Floyd County Dairies v. Brooks,* 61 Ga. App. 239 (6 SE2d 360).

The district attorney's affidavit shows the criminal actions are still pending against plaintiff in each instance. In the absence of a showing by the plaintiffs that the prosecution has terminated in their favor, defendants are entitled to judgment on the claims for malicious arrest.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 8, 1974 — DECIDED FEBRUARY 8, 1974.

*Autrey, Ware & Otonicar, Jerome C. Ware,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr., F. Clay Bush,* for appellees.