64335, 64337. CRAWFORD v. BUSBEE et al. (two cases).
64336. CRAWFORD v. ALDRIDGE et al.

McMURRAY, Presiding Judge.

These three cases arise out of a criminal proceeding against James C. Crawford or Jamie Crawford as the result of a letter dated June 25, 1980, received in Governor Busbee's office, the letter being unsigned, but containing a return address from James C. Crawford. The letter requested legal help against then President Jimmy Carter and his family. This letter was forwarded to the Federal Bureau of Investigation because of certain language contained therein. As a result thereof certain authorities formed the opinion that there was probable cause to arrest Crawford for the offense of terroristic threats. Thereafter, he was indicted by the grand jury of Sumter County, but a nolle prosequi was subsequently entered on the indictment upon the recommendation of the district attorney.

Whereupon, Jamie Crawford, as plaintiff pro se, brought two separate actions in the Superior Court of Sumter County, being Number 5261 against Governor George Busbee, Billy Carter, Jimmy Carter, Sheriff Randy Howard and three individuals of Plains,

Georgia; and Number 5509 against the various individual members of the grand jury of Sumter County, both cases alleging that the defendants falsely charged him with a crime and thereby violated his rights. In these two separate suits plaintiff sought damages charging the defendants with slander, defamation of character and name, mental harassment, conspiracy and collaboration to suppress charges of fraud by the sheriff's office, perjury by Billy Carter and various other charges with reference to the violation by the defendants as to plaintiff's constitutional rights.

Various of the individuals in their individual and governmental capacity answered the complaint denying the claims of the plaintiff. The members of the grand jury, individually and as a body, answered setting forth numerous defenses, denying the claims and containing the defense that as grand jurors, as a part of the government, they are immune from suit.

In case Number 5261 various individual defendants and the defendants in their governmental capacity, moved for summary judgment. In an order dated December 9, 1981, after a hearing on December 4, 1981, the trial court sustained the motion for summary judgment of the defendant Howard, Sheriff of Sumter County, Jimmy Carter, Billy Carter, and Governor George Busbee. The motion was denied as to three other individuals because of lack of sufficient evidence on which to base same; but, thereafter, these individual defendants filed an additional motion for summary judgment based upon certain other evidence therein filed. Whereupon, their motion for summary judgment was sustained, and the action has been dismissed as to all of the defendants. The defendants' (individual grand jurors) motions to dismiss came on for a hearing as to their general motion in their answer, as well as their separately filed motion, and the trial court dismissed the complaint based upon the ground that these defendants in their actions as members of the grand jury are immune from suit and the court lacks jurisdiction over this case. The trial court expressly made no ruling on the other eight grounds of these motions. The plaintiff has filed three separate appeals. *Held:*

1. These appeals were first filed in the Supreme Court of Georgia but by order of the Supreme Court have been transferred to this court. In addition, various motions to dismiss by the defendants have been filed generally based upon the method used by the plaintiff in the filing of documents in both this court and the Supreme Court. Treating the various documents filed by the plaintiff in both appellate courts as properly meeting requirements of enumerations of error and briefs the motions to dismiss are denied, and we proceed to a review of these cases.

2. The entire record here discloses that the individual defendants named in suit Number 5509 were sued for actions taken by them in their capacity as members of the grand jury. "No member of a grand jury shall be liable to an action for a malicious prosecution upon a presentment made by the body." Code § 105-807. The individual members of the grand jury in performing their duties as such cannot conspire and confederate with each other to do a lawful act, for conspiracy consists of a corrupt agreement to do an unlawful act, that is, unlawful either as a means or as an end. "The grand jury as a body and its members individually, being an arm of the law and a part of the machinery of government, are not subject to question in any court for its or their action in the performance of grand jury duties, and no rule of law of which [the Supreme Court has] any knowledge is better settled than this." *Cook v. Sikes,* 210 Ga. 722, 727 (82 SE2d 641). See also in this connection *Almand v. Brock,* 227 Ga. 586, 587-588 (182 SE2d 97). The trial court did not err in dismissing the action in case Number 5509 brought against the individual members of the grand jury for their actions on which this suit was based.

3. The trial court correctly granted summary judgment in favor of the various defendants in case Number 5261 wherein the evidence submitted disclosed that none of the individual defendants knew of or initiated the charge in the case in which a grand jury indictment was returned against the plaintiff. The defendants, by and through their affidavits, have denied they made any slanderous statements about plaintiff or defamed him or caused him mental harassment or that they conspired and confederated to pursue criminal charges against plaintiff and asserted they did not collaborate or participate in any manner to suppress any charges of fraud, theft or perjury in connection with the plaintiff. Said evidence has not been disputed in any manner by the plaintiff with reference to these motions for summary judgment. The trial court did not err in granting same. See *Smith v. Standard Oil Co.,* 227 Ga. 268, 271 (180 SE2d 691); *State of Ga. v. Hallman,* 149 Ga. App. 221 (253 SE2d 859); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173).

*Judgments affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 29, 1982.

Jamie Crawford, *pro se.*

*George M. Peagler, Jr., Gregory W. Blount, Staff Assistant Attorney General, Michael A. Fennessy, W. E. Smith,* for appellees (case nos. 64335, 64337).

*Wayne E. Jernigan, W. E. Smith,* for appellees (case no. 64336).