## 67249. McCORD v. JONES.

DEEN, Presiding Judge.

On September 12, 1982, the appellee, Jack Jones, swore to an affidavit charging the appellant, Janie Lou McCord, with robbery by snatching $10,000 from his shirt pocket and replacing it with a deck of cards after drugging him while at a party. On September 20, 1982, pursuant to a warrant issued on that affidavit, the appellant was arrested. On December 8, 1982, the district attorney decided not to seek an indictment and requested that the clerk of the superior court place the warrant on the "dead docket," on the basis that there was insufficient evidence on which to prosecute the matter.

On April 14, 1983, McCord commenced this action against Jones, sounding in either malicious prosecution or malicious arrest. Jones subsequently moved for summary judgment, contending that placement of the warrant on the dead docket did not constitute a termination of the prior proceeding in the plaintiff's favor. The trial court granted summary judgment for Jones on that basis, emphasizing that its order only was a determination that McCord's

asserted cause of action was premature, and McCord appeals. *Held:*

" 'If a criminal process is sued out without probable cause and an arrest is made under it, the remedy of the accused depends on whether or not he is actually prosecuted under the warrant. If after the arrest the warrant is dismissed or not followed up, the remedy is for malicious arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie.' *Grist v. White,* 14 Ga. App. 147 (80 SE 519)." *Smith v. Embry,* 103 Ga. App. 375, 378-379 (119 SE2d 45) (1961). Accord, *Swift v. Witchard,* 103 Ga. 193 (29 SE 762) (1897).

In the instant case, we are inclined to agree with the appellant's present identification of the alleged tort as malicious arrest, since the district attorney sought no indictment and no prosecution has been carried on, but that classification alone does not avail her. Malicious prosecution and malicious arrest differ only in that malicious prosecution contains the additional element of showing that a prosecution was carried on. OCGA §§ 51-7-1 (Code Ann. § 105-1001) and 51-7-40 (Code Ann. § 105-801); *Barnes v. Gossett Oil Co.,* 56 Ga. App. 220 (192 SE 254), later appeal 58 Ga. App. 102 (197 SE 902) (1937). To recover in tort for either malicious prosecution or malicious arrest, the appellant had the burden of showing that the prior criminal proceeding, whatever its extent, had terminated in her favor. *Courtenay v. Randolph,* 125 Ga. App. 581 (188 SE2d 396) (1972); *Stephens v. Big Apple Supermarkets,* 130 Ga. App. 841 (204 SE2d 805) (1974); *Waters v. Winn,* 142 Ga. 138 (82 SE 537) (1914). " 'It is well-settled law that an action either for malicious arrest or for malicious prosecution is subject to general demurrer if the petition fails to allege or to show that the prosecution terminated in the plaintiff's favor. (Cits.)' " *Stephens v. Big Apple Supermarkets,* supra at 843.

In *Courtenay v. Randolph,* supra at 583, where an indictment had been obtained and placed on the dead docket, this court held that such "[p]lacing a case upon the dead docket certainly constitutes neither a dismissal nor a termination of the prosecution in the accused's favor. A case is still pending which can be called for trial at the judge's pleasure, or upon which the accused can make a demand for trial." See also OCGA § 15-6-61 (Code Ann. § 24-2714) and *Newman v. State,* 121 Ga. App. 692 (175 SE2d 144) (1972). In this case, notwithstanding the possible inappropriateness of placing a warrant (rather than an actual indictment) on the dead docket, we find a similar lack of finality or termination of the prior criminal proceeding. Certainly, nothing prevents the district attorney from subsequently seeking an indictment and proceeding with a prosecution; likewise, nothing prevents the appellant from formally

moving for dismissal of the charges. The present disposition simply does not constitute an abandonment and/or termination of the proceeding, absent a subsequent formal entry of dismissal of the criminal charges. Cf. *Clark v. Douglas,* 6 Ga. App. 489 (65 SE 304) (1909); *Page v. Citizens Banking Co.,* 111 Ga. 73 (36 SE 418) (1900); *Smith v. Embry,* supra. As there has been no requisite termination of the prior criminal proceeding, the trial court properly granted summary judgment for the appellee on the ground that no cause of action had yet accrued.

We note that in *Meyers v. Glover,* 152 Ga. App. 679 (263 SE2d 539) (1979), this court, relying upon *Gordon v. West,* 129 Ga. 532 (59 SE 232) (1907) and *Hutcherson v. Durden,* 113 Ga. 987 (39 SE 495) (1901), held that the right of action for malicious arrest accrued at the time of the actual arrest. That holding, however, overlooked one essential element of malicious arrest, i.e., a showing of a termination of the prior proceeding in favor of the arrested party, and misconstrued *Gordon v. West,* supra, and *Hutcherson v. Durden,* supra; the latter case merely classified malicious arrest as a personal injury which has a two year statute of limitation beginning from the accrual of the cause of action, while the former specifically discussed the required showing of a termination of proceeding as an element of a cause of action in malicious arrest. As clarified above, the cause of action of malicious arrest does not accrue until the definite termination, by dismissal or otherwise, of the proceeding against the arrested party, and to the extent that *Meyers v. Glover,* supra, holds otherwise that case is overruled.

*Judgment affirmed. Shulman, C. J., Quillian, P. J., McMurray, P. J., Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 17, 1983.

*Alden W. Snead,* for appellant.
*Walter M. Britt,* for appellee.