69051. DANIEL v. GEORGIA RAILROAD BANK & TRUST COMPANY et al.
(328 SE2d 552)

McMURRAY, Presiding Judge.

On March 9, 1983, plaintiff brought suit against the Georgia Railroad Bank & Trust Company (hereinafter referred to as the "bank") and 12 merchants seeking damages for negligence and malicious prosecution. In her complaint, plaintiff alleged that on August 31, 1979, an unknown person pilfered her purse; that, thereafter, the unknown person opened a checking account at the bank in plaintiff's name; that the unknown person issued checks to the 12 merchant defendants; that the checks were drawn on the bank; that when the checks were presented to the bank, it returned the checks to the merchants; that the merchants thereupon caused 18 criminal warrants to issue against plaintiff, charging her with the offense of "issuing worthless checks"; that the merchants knew or should have known that plaintiff did not issue the checks; that plaintiff was arrested on March 25, 1981, pursuant to the warrants; and that, on September 7, 1982, a nolle prosequi was entered upon the record in each of the criminal cases brought against the plaintiff. It was further alleged that the bank was negligent in permitting the unknown person to open the account in plaintiff's name, in failing to discourage the merchants from taking out the criminal warrants and, after plaintiff's arrest, in failing to encourage the defendants to dismiss the criminal warrants. With regard to the merchant defendants, plaintiff alleged that they negligently accepted the checks, negligently took out the warrants against the plaintiff and maliciously prosecuted the plaintiff knowing that she did not issue the checks. Defendants answered the complaint and denied the material allegations thereof. In its answer, the bank also asserted a statute of limitation defense. Following discovery, the

bank made a motion for summary judgment. The motion was granted and this appeal followed. *Held*:

"The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be." *Barrett v. Jackson*, 44 Ga. App. 611 (2) (162 SE 308). Accord *Hunt v. Star Photo Finishing Co.*, 115 Ga. App. 1, 5 (153 SE2d 602). In the case sub judice, plaintiff initially suffered actual damage when the bank returned the checks to the merchants marked "non-sufficient funds" and "account closed" in December 1979. Unquestionably, the bank's action in this regard caused damage, "however slight," to the plaintiff. See *Sicklesmith v. Citizens Bank of Hapeville*, 101 Ga. App. 533 (114 SE2d 319). Accordingly, the statute of limitation began to run at that time. Since more than two years elapsed after the statute of limitation began to run, the trial court correctly granted the bank's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 25, 1985 —
REHEARING DENIED MARCH 15, 1985 — 

*Joseph R. Neal, William H. Lumpkin, Jay M. Sawilowsky*, for appellant.

*David K. Whatley, Charles Buker*, for appellees.