42172. DANIEL v. GEORGIA RAILROAD BANK & TRUST COMPANY.
(334 SE2d 659)

</div>

HILL, Chief Justice.

This case involves the statutes of limitations applicable to certain torts. We granted certiorari to determine when the applicable statute commenced running. *Daniel v. Ga. R. Bank &c. Co.,* 173 Ga. App. 888 (328 SE2d 552) (1985).

The facts, as set out by the Court of Appeals, are as follows: "On March 9, 1983, plaintiff brought suit against the Georgia Railroad Bank & Trust Company (hereinafter referred to as the 'bank') and 12 merchants seeking damages for negligence and malicious prosecution. In her complaint, plaintiff alleged that on August 31, 1979, an unknown person pilfered her purse; that, thereafter, the unknown person opened a checking account at the bank in plaintiff's name; that the unknown person issued checks to the 12 merchant defendants; that the checks were drawn on the bank; that when the checks were presented to the bank, it returned the checks to the merchants; that the merchants thereupon caused 18 criminal warrants to issue against plaintiff, charging her with the offense of 'issuing worthless checks'; that the merchants knew or should have known that plaintiff did not issue the checks; that plaintiff was arrested on March 25, 1981, pursuant to the warrants; and that on September 7, 1982, a nolle prosequi was entered upon the record in each of the criminal cases brought against the plaintiff. It was further alleged that the bank was negligent in permitting the unknown person to open the account in plaintiff's name, in failing to discourage the merchants from taking out the criminal warrants and, after plaintiff's arrest, in failing to encourage the defendants to dismiss the criminal warrants. With regard to the merchant defendants, plaintiff alleged that they negligently accepted the checks, negligently took out the warrants against the plaintiff and

maliciously prosecuted the plaintiff knowing that she did not issue the checks. Defendants answered the complaint and denied the material allegations thereof. In its answer, the bank also asserted a statute of limitation defense. Following discovery, the bank made a motion for summary judgment. The motion was granted and this appeal followed."

The Court of Appeals held that plaintiff's cause of action against the bank had commenced running when plaintiff initially suffered actual damage; i.e., "when the bank returned the checks to the merchants marked 'non-sufficient funds' and 'account closed' in December 1979," and therefore plaintiff's suit filed on March 9, 1983, was barred by the statute of limitations. *Daniel*, supra.

A chronological list of the pertinent events may be helpful:

August 31, 1979 — plaintiff's purse was stolen

December 1, 1979 — account opened at the bank by someone posing as the plaintiff

December 8, 1979 — imposter commenced cashing checks (which the bank returned) and continued to do so until mid-January 1980

December 15, 1979 — various merchants (12) started taking out warrants (18) for plaintiff's arrest and continued to do so until February 1980

December 15, 1979 — bank knew or had reason to know that the account had not been opened by plaintiff

March 25, 1981 — plaintiff arrested when she applied for a driver's license

September 7, 1982 — bad check cases against plaintiff nol prossed

March 9, 1983 — plaintiff filed suit against the bank and the 12 merchants

The applicable statute of limitations, as the parties acknowledge, is OCGA § 9-3-33, which provides in pertinent part as follows: "Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues. . . ."

Plaintiff concedes that any action she may have had for injury to her reputation (libel) arose when the checks were returned by the bank so marked as to indicate that plaintiff had insufficient funds in her account to cover such checks, or showing that plaintiff had cashed checks after closing her account. Similarly, plaintiff concedes that the statute of limitations on her causes of action for libel ran one year thereafter, or during December 1980 and January 1981.

However, plaintiff insists that her causes of action for malicious prosecution and negligence by the bank commenced running later and

are not time-barred.[1]

A cause of action for malicious prosecution does not accrue until the underlying criminal prosecution is ended. OCGA § 51-7-41; *Gordon v. West*, 129 Ga. 532, 534 (59 SE 232) (1907). Hence a suit for malicious prosecution must be brought within 2 years after the underlying criminal prosecution terminated in plaintiff's favor. *Gordon v. West*, supra. Plaintiff's complaint in this case was filed within 2 years of the date the bad check cases were nol prossed. Without deciding whether plaintiff has a cause of action against the bank for malicious prosecution, we find that the trial court erred in granting summary judgment to the bank on the basis that plaintiff's malicious prosecution claim was barred by the statute of limitations.

Similarly, assuming, but without deciding, that a defendant may be liable for negligently causing the arrest of another, see *Ogden & Sims Used Cars, Inc. v. Thurman*, 165 Ga. App. 500 (3) (301 SE2d 673) (1983),[2] we find that if such a cause of action exists against one who does not take out the warrant, but nevertheless causes the arrest of another, the statute of limitations commences to run at the time of the arrest, and the two-year statute of limitations has not run on this claim.

The actual damage test applied by the Court of Appeals is subject to the following qualification. Various causes of action in tort arising from the same set of facts may commence running at different times depending on the nature of the several causes of action involved, and the fact that the statute has run as to one does not necessarily mean that the statute has run as to all. See *McCullough v. Atlantic Refining Co.*, 50 Ga. App. 237, 238 (177 SE 601) (1934); *Dale v. City Plumbing &c. Supply Co., Inc.*, 112 Ga. App. 723 (146 SE2d 349) (1965).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1985 —
RECONSIDERATION DENIED OCTOBER 16, 1985.

*Jay M. Sawilowsky, William H. Lumpkin, Joseph R. Neal,* for

---

[1] The bank argues that plaintiff asserted no claim for malicious prosecution against it until she filed a reply brief in the Court of Appeals. On the contrary, the claim was asserted in plaintiff's brief filed in the trial court opposing the bank's motion for summary judgment. Pleading malicious prosecution as a separate count of the complaint might have clarified, and thereby simplified, this litigation.

[2] The merits of this claim have not been decided by the trial court and have not been argued on appeal. For purposes of its motion for summary judgment only, the bank acknowledged that it negligently returned checks marked "insufficient funds" and "account closed" to the merchants.

appellant.

*David K. Whatley, Charles E. Buker III*, for appellee.