## 70703. CRAWFORD v. PARKS et al.
### (336 SE2d 585)

BENHAM, Judge.

On August 14, 1980, appellant was arrested for allegedly making terroristic threats directed at then President Jimmy Carter and others. A grand jury later indicted appellant, but the criminal case ended on June 2, 1981, when it was nolle prossed by appellee/District Attorney of Sumter County. Appellant, acting pro se, subsequently filed a civil suit against President Carter, then Governor Busbee, and others, alleging they had falsely charged him with a crime. The case was resolved adversely to appellant. *Crawford v. Busbee,* 164 Ga. App. 559 (298 SE2d 278) (1982).

On December 21, 1984, appellant, again acting pro se, filed an action against appellee Parks and the district attorney pro tempore, contending that they acted negligently and fraudulently in failing to investigate his allegedly illegal arrest and prosecution from August 14, 1980, to June 2, 1981. Appellees denied the allegations and contended, inter alia, that the statute of limitation had run on appellant's causes of action and that appellee had prosecutorial immunity from the lawsuit. The trial court found that appellant's suit amounted to charges of false arrest and fraud, held that the statute of limitation had run and that appellees were immune from suit, and dismissed the complaint. This appeal is from the judgment of dismissal, which we affirm.

Appellant first enumerates as error the trial court's determination that "in essence Crawford is charging false arrest and fraud." Appellant claims that his amended complaint seeks damages "for slander to reputation." The trial court's interpretation of the pleadings was more favorable to appellant than was his own. Actions for injury to reputation must be brought within one year from the date of the alleged defamatory acts; actions for malicious or false arrest must be

brought within two years of the definite termination of the proceedings against the arrested party. OCGA § 9-3-33; *Davis v. Hosp. Auth. of Fulton County*, 154 Ga. App. 654 (3) (269 SE2d 867) (1980); *McCord v. Jones*, 168 Ga. App. 891 (311 SE2d 209) (1983). Given the fact that appellant alleges that the proceedings against him began on August 14, 1980, and were terminated on June 2, 1981, it is clear that, applying either statute of limitation, the suit was not timely filed.

Since our ruling above is dispositive of the matter, we see no need to address the immunity issue.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 10, 1985 —
REHEARING DENIED OCTOBER 21, 1985 — 

Jamie Crawford, *pro se.*

*Michael J. Bowers, Attorney General, James P. Googe, Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Jennifer L. Hackemeyer,* for appellees.