76165. BANTA v. QUIK-THRIFT FOOD STORES, INC. et al.
(370 SE2d 3)

SOGNIER, Judge.

Linda A. Banta filed a malicious prosecution action against Quik-Thrift Food Stores, Inc., Joe Belcher, Charles Hollingshed, and James Barlowe to recover damages resulting from her incarceration on warrants sworn out by Belcher charging Banta with writing bad checks to Thrift-Mart. The trial court granted summary judgment against Banta, and this appeal ensued.

1. Although appellant enumerates as error the trial court's failure to make findings of fact and conclusions of law in its order granting summary judgment in favor of appellees, her "failure to present either argument or citation of authority on this issue compels us to

treat the enumerated error as abandoned. Court of Appeals Rule 15 (c) (2); [cit.]" *Brown v. Diaz*, 184 Ga. App. 409 (1) (361 SE2d 490) (1987). We note, however, that OCGA § 9-11-52 (b) specifically exempts motions from its ambit.

2. In her remaining four enumerations of error, appellant contends the trial court erred by granting appellees' motion for summary judgment on the ground that the statute of limitations had run prior to appellant's filing this action. Appellant argues that dismissal by the prosecutor's office was not sufficient to terminate the prosecution against her, and therefore the statute of limitations for bringing this action did not begin to run at the time of that dismissal, but only when the time had expired, pursuant to OCGA § 17-3-1, during which she could have been prosecuted. We agree and reverse.

"The applicable statute of limitations, as the parties acknowledge, is OCGA § 9-3-33, which provides in pertinent part as follows: 'Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues. . . .'" *Daniel v. Ga. R. Bank &c. Co.*, 255 Ga. 29, 30 (334 SE2d 659) (1985). "A cause of action for malicious prosecution does not accrue until the underlying criminal prosecution is ended. [Cits.] Hence a suit for malicious prosecution must be brought within 2 years after the underlying criminal prosecution terminated in plaintiff's favor. [Cit.]" Id. at 31. The issue for determination, therefore, is when, if ever, the prosecution terminated in appellant's favor.

The record reveals that appellant was arrested pursuant to warrants issued on December 30, 1982 by a justice of the peace concerning checks issued in November 1982. The record further establishes that on February 25, 1985, these warrants were "dismissed" by the district attorney's office. It has long been the law that warrants such as the ones sworn out in the case sub judice "may be 'abandoned' but [they] cannot be 'dismissed' in the technical sense without the concurrence of a judicial officer. Such concurrence may be conclusively established from a docket entry or other such record made by a clerk of the court, even though it may not be a court of record." *Smith v. Embry*, 103 Ga. App. 375, 380 (5) (119 SE2d 45) (1961). In *Grist v. White*, 14 Ga. App. 147, 149 (1) (80 SE 519) (1914), this court said: "While, under the Code, an arrest under process of law will give rise to an action for damages, if the arrest be made with malice and without probable cause, still there must have been a *judicial ascertainment* of the fact that the arrest was unlawful, evidenced by *an order* dismissing the warrant or vacating the process under which the arrest was made. [Cit.]" (Emphasis supplied.)

While we do not agree with appellant that the "dismissal" in this case may be characterized as merely an interoffice memorandum,

neither do we agree with appellees that the specific holdings in *Bailey v. Gen. Apt. Co.*, 139 Ga. App. 713 (229 SE2d 493) (1976), or *Daniel*, supra, have any application to the facts of this case since, unlike the case at bar, the prosecutions in those cases had been terminated by nolle prosequi. As a nolle prosequi may be entered only after an examination of the case in open court, and with the consent of the court, see OCGA § 17-8-3, such entry naturally satisfies the requirement of "judicial ascertainment." In the case sub judice, the evidence proffered by appellees in support of their motion for summary judgment did not establish that there had been a "judicial ascertainment" of the fact that the prosecution against appellant had been dismissed. No order had been entered, and the record does not indicate any filing with the court. In fact, there would have been no bar to a subsequent carrying on of the prosecution at any time until November 1986, when the statute of limitations had run for the offense with which appellant was charged. See OCGA § 17-3-1 (c). Accordingly, appellees did not establish that the statute of limitations for this cause of action began running on the date the warrants were dismissed by the district attorney's office, nor was any other act or occurrence shown to have triggered the running of the statute of limitations prior to November 1986.

The prosecution on the bad check charges was terminated in appellant's favor in November 1986, when the statute of limitations on the criminal charges expired without her having been prosecuted. At that point, appellant's right to bring this action accrued. On February 27, 1987, the date on which appellant filed this action, only three months had expired of the two-year period allowed for commencing this action, and there is thus no question that appellees were not entitled to judgment as a matter of law on the ground that the statute of limitations had run. The trial court's judgment must therefore be reversed. See *Daniel v. Bank South Corp.*, 183 Ga. App. 274, 277 (358 SE2d 664) (1987).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 9, 1988 —
REHEARING DENIED MAY 26, 1988 —

*Richard F. Otonicar*, for appellant.
*Donald M. Fain, Mark D. Belcher*, for appellees.