[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11521
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01751-RLV

CHRISTOPHER GLENN WEAVER,
Individually and as successor to On-Site
Wireless, Inc.,

Plaintiff-Appellant,

versus

ALLTEL CORPORATION,
a corporation,
MATT ROBINSON,
now or formerly an Alltel Corporation
Investigator,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 6, 2014)

Before WILSON, PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Christopher Glenn Weaver appeals the summary judgment in favor of Alltel Corporation and Matt Robinson and against Weaver's complaint of malicious prosecution. The district court ruled that Weaver's complaint was barred by the two-year statute of limitation for personal injuries. *See* Ga. Code Ann. § 9-3-33. We affirm.

In 2007, a Georgia grand jury indicted Weaver for 40 offenses involving racketeering, conspiracy, and theft. Alltel and Robinson provided evidence to law enforcement that resulted in Weaver's indictment. In 2009, a jury found Weaver guilty of the 40 offenses. On March 26, 2010, the trial court granted Weaver's motion for a directed verdict. The State appealed, but on November 24, 2010, the Georgia Court of Appeals dismissed the appeal for lack of subject-matter jurisdiction. The State petitioned for a writ of certiorari, but the Supreme Court of Georgia denied the petition on April 18, 2011.

On April 15, 2013, Weaver filed in a Georgia court a complaint that he had been prosecuted maliciously by Alltel and Robinson. Alltel and Robinson removed Weaver's action to the district court based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Later, Alltel and Robinson moved for summary

judgment on the ground that Weaver's complaint was untimely, and the district court granted the motion.

Under Georgia law, an "[a]ction[] for injuries to the person shall be brought within two years after the right of action accrues." Ga. Code Ann. § 9-3-33. Section 9-3-33 requires that "a suit for malicious prosecution must be brought within 2 years after the underlying criminal prosecution terminated in plaintiff's favor." *Daniel v. Ga. R.R. Bank & Trust Co.*, 334 S.E.2d 659, 661 (Ga. 1985). A termination in the plaintiff's favor occurs when there is a "definite termination, by dismissal or otherwise, of the proceeding against the arrested party." *McCord v. Jones*, 311 S.E.2d 209, 211 (Ga. Ct. App. 1983).

The criminal prosecution against Weaver terminated in his favor when the Georgia court granted his motion for a directed verdict of acquittal. "The grant of . . . [a defendant's] motion for a directed verdict of acquittal establishes . . . that the criminal prosecution terminated in his favor." *Griffin v. Ga. Power Co.*, 367 S.E.2d 832, 834 (Ga. Ct. App. 1988); *see Seven Hills Sec., Inc. v. Dillingham*, 372 S.E.2d 1, 1–2 (Ga. Ct. App. 1988). Weaver argues that the prosecution was not terminated until the Georgia Supreme Court denied the petition of the State for a writ of certiorari, but the State could not appeal the verdict directed in Weaver's favor. "A directed verdict of acquittal is not appealable by the State when the defendant has been put in jeopardy[,]" regardless of whether the "acquittal is

erroneously granted." *State v. Seignious*, 399 S.E.2d 559, 560–61 (Ga. Ct. App. 1990) (internal quotation marks and citations omitted) (citing Ga. Code Ann. § 5-7-1).  Weaver's criminal prosecution was terminated definitively when the trial court directed a verdict in his favor.

The district court did not err by entering summary judgment against Weaver's complaint of malicious prosecution.  Weaver had two years from March 26, 2010, when his criminal case terminated in his favor, to file a complaint against Alltel and Robinson.  *See* Ga. Code Ann. § 9-3-33; *Daniel*, 334 S.E.2d at 661. Weaver waited more than three years, until April 18, 2013, to file his complaint. Weaver's complaint is barred by the two-year statute of limitation.

Weaver argues that the district court abused its discretion when it denied his motion to reconsider, in which he argued, for the first time, that the statute of limitation was tolled until the conclusion of his civil forfeiture proceeding.  The district court did not abuse its discretion by refusing to consider Weaver's new argument.  It is not "[t]he function of a motion to alter or amend a judgment . . . to serve as a vehicle to . . . present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."  *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).

We **AFFIRM** the summary judgment in favor of Alltel and Robinson.

4