JOHN ANDREWS, Adm'r of ELIZABETH ANDREWS *v.* F. McDANIEL.

The real owner of a negatiable note, not indorsed, is the proper person to sue for its recovery under sec. 55, of the Code of Civil Procedure.

In a suit for the recovery of a negotiable note not indorsed, the evidence of an administrator, (the plaintiff,) is admissible to prove that his intestate bought the note, and gave therefor full value.

(*Whitesides* v. *Green*, 64 N. C. Rep. 308, cited and approved.)

CIVIL ACTION, tried before *Clarke, J.,* at Fall Term, 1872, of the Superior Court for JONES county.

The suit was brought on a note made by the defendant and one Pritchett, for $700, payable to one Thomas Wilcox, on the — day of — 1861, the note not being indorsed. The plaintiff by his own evidence proved that his intestate in her lifetime bought the note from Wilcox, the payee, giving full value for it, in the notes of Wilcox and a balance in money. This evidence was objected to, but received by the Court. Defendant excepted.

Defendant asked his Honor to instruct the jury that as the note had not been indorsed to the plaintiff, he could not maintain the action. This instruction the Court refused, and charged the jury that if they were satisfied that the plaintiff's intestate purchased and paid for the note, as stated by the plaintiff, he was entitled to their verdict.

The jury returned a verdict in favor of the plaintiff. Motion for a new trial on the grounds of mis-direction to the jury and the reception of incompetent evidence. Motion overruled. Judgment and appeal by the defendant.

*Hubbard* and *Haughton,* for appellant.
*Green,* contra.

BOYDEN, J. Two objections are made by the defendant against the recovery in this case. First, that as the action is upon a negotiable note, without indorsement, the action

25

should have been in the name of the payee in the note, although it was proved that the plaintiff was the real party in interest. It is a sufficient answer to this objection that C. C. P., sec. 55, expressly provides that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in sec. 57. This section is in these words: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted," &c. It cannot be pretended that this case falls within the exceptions mentioned in this section; and consequently the action must be prosecuted in the name of the real (not the legal) party in interest, which is the plaintiff. Could any language be more explicit?

As to the second question in regard to the competency of the testimony of the plaintiff, it will be remembered that interest in the cause excludes no one, and that parties, like others, are competent witnesses, except when testifying, to a transaction with a person since deceased, as a witness against the administration, &c., of the deceased, when the witness has " or had an interest to the affected ;" which means, as Justice RODMAN says, in the case of *Whitesides* v. *Green*, 64 N. C. Rep. 308, "no interested party shall swear to a transaction with the deceased, to charge his estate, because the deceased cannot swear in reply." Now, how does this apply to the case under consideration ? Had this suit been instituted in the life time of the intestate, would he not have been a competent witness against this defendant to prove that he had purchased the note, and that he thereby became the real party in interest, as against the maker of the note, who is the defendant in the case ? This is too plain to admit of doubt. Why, then, is not the plaintiff, the administrator of the deceased, a competent witness ? He is not swearing to charge a dead man's estate, nor is he swearing to any transaction between the intestate and the defendant,

McDaniel, but to a transaction with the intestate and Wilcox, the payee in the note, and of whom the intestate purchased the note sued on.

Upon what principle of law or reason, can it be insisted that the plaintiff is not as competent to give this testimony as the intestate would have been had he been alive and the suit in his name? Not interest surely, for the intestate had the absolute interest, while the plaintiff is a mere trustee for the creditors and distributee of the intestate. Not because he is a party, for in that regard he stands exactly as the intestate would have stood.

There is no error.

This will be certified.

PER CURIAM.                    Judgment affirmed.