E. E. THOMPSON v. D. A. OSBORNE.

(Filed 27 April, 1910.)

**Notes Non-negotiable—Endorser for Value—Defenses, Legal and Equitable—Party in Interest.**

The indorsee for value of a non-negotiable note may maintain his action thereon, as the real party in interest, subject to any defenses existing between the original parties, whether legal or equitable (Revisal, sec. 354), and when such defense is set up in the answer, which, if true, is a valid one, upon conflicting evidence, an issue of fact is raised for the determination of the jury, notwithstanding the fact that the instrument sued on is not negotiable.

APPEAL from *Jones, J.*, at July Term, 1909, of ASHE.
Civil action heard on appeal from a justice of the peace.
The facts are stated in the opinion of the Court.

*T. C. Bowie* and *R. A. Doughton* for plaintiff.
No counsel for defendant.

WALKER, J.   This action was brought to recover the amount
of a bond or a note under seal, executed by the defendant to B.
Morris and by the latter assigned for value to the plaintiff,
E. E. Thompson.   The bond is in the following words and
figures:

$120.00.                                    November 15, 1904.
Four months after date I promise to pay B. Morris one hun-
dred and twenty dollars ($120) for value received in land this
day bought from him, adjoining lands . of H. Wingler, John
Royal heirs and others.   This note is to be discharged by
D. A. Osborne delivering to B. Morris, on cars in town of
Durham, N. C., ten thousand (10,000) feet of black pine lum-
ber, 12 feet long, log run (mill culls out), to be sawn widths
and thicknesses as per order to be furnished.   D. A. Osborne
to pay freight on lumber.          D. A. OSBORNE.   (SEAL.)

The defendant alleged, in his answer, that the bond was
given for the purchase money of a tract of land, and that B.
Morris, who sold the land to him and to whom he gave the note,
had promised to make him a good and perfect title to the land
which he had purchased, and that at the time the note was
given the said B. Morris did not have a good and perfect title
to the land, although he had represented to the plaintiff that
he had a good and perfect title thereto; and he further averred,
in his answer, that the plaintiff purchased the note and the
same was indorsed after its maturity, and, therefore, he took
the same with full notice and knowledge of the agreement be-
tween B. Morris and the defendant, and that as Morris did
not have the title to the land, the plaintiff was not entitled to
recover the amount of the note.   After the pleadings were read,
and before · any testimony was introduced by either party, the
court intimated that, as the note was not negotiable, the plain-
tiff was not entitled to recover in the action, whereupon he sub-
mitted to a nonsuit and appealed to this Court.
The right of the plaintiff to recover upon the note did not
depend upon its negotiability, for if it was not negotiable, the

plaintiff would be entitled to recover the amount of the note, unless the defendant had a valid defense, if the action had been between B. Morris and himself. By the indorsement of the note to the plaintiff, for value, he acquired title to it and, consequently, the right to recover the amount which the defendant had promised to pay to Morris, unless the defendant could show that he had a good legal or equitable defense which would defeat the plaintiff's right of recovery. The plaintiff acquired, by the assignment of the note, the right to maintain this action, he being the real party in interest, even if, by virtue of the assignment, he had only an equitable title to it, which is subject to all equities and defenses which the defendant may have against the original payee. Revisal, sec. 354.

This Court, when construing Code, sec. 177, held, in *Kiff v. Weaver*, 94 N. C., 274, that the assignee of a bond or note not indorsed, is the proper person to maintain an action upon it in his own name, because he is the real party in interest, and that the possession of an unindorsed negotiable note, payable to bearer, raises the presumption that the person presenting it on the trial is the real and rightful owner, citing *Andrews v. McDaniel*, 68 N. C., 385; *Jackson v. Love*, 82 N. C., 404; *Bank v. Bynum*, 84 N. C., 24; *Pate v. Brown*, 85 N. C., 166. It was further held to be immaterial whether the action brought by the plaintiff is legal or equitable, for under the present system of procedure the distinction between actions at law and suits in equity and the forms of all such actions are abolished.

In this case the court, when it ruled against the plaintiff, assumed that the averments of the answer, as to the agreement between the defendant and Morris, were true, whereas that was the question to be decided by the jury, even if the note was not negotiable. The question involved in this case is fully discussed in *Tyson v. Joyner*, 139 N. C., 69.

There was error in the ruling of the court. The judgment of nonsuit will be set aside and a new trial granted.

New trial.