### 29525. MATTOX *v.* CHAPMAN.

*W. F. Mills,* for plaintiff in error.

SUTTON, J. On January 11, 1941, Mrs. Hugh Chapman sued out a dispossessory warrant against Ralph Mattox, on the ground that he failed to pay the rent due or that he was holding the described house beyond the term for which it was rented to him. Mattox filed his counter-affidavit denying that he was holding the premises beyond his term, or that he had failed to pay the rent, and he alleged that he had received no legal notice to vacate the premises and that he owed no rent. The case was tried on February 17, 1941. The court directed a verdict for the landlord. Mattox made a motion for new trial, which was overruled, and he excepted.

The record shows that Mrs. Chapman rented the house in question to Mattox, on September 15, 1940, at $30 per month, and that she gave him a written notice, on October 24, 1940, to vacate the premises by November 24, 1940. He refused to vacate, and she brought a dispossessory warrant against him, which was dismissed. She testified that he paid the rent promptly each two weeks in advance and, "I dismissed the first warrant because I learned that the law required me to give him sixty days' notice to get out. November 1, I again notified him to vacate the premises and he refused to vacate, and we brought the second dispossessory warrant against him. He has paid me the rent. The last two installments of rent he paid me was on January 3, he sent me a money order for $15, and on January 16 he sent me a money order for $15. I have both money orders. I have never cashed them. I did not offer to return them to him." The uncontroverted evidence shows that the tenant kept the rent paid two weeks in advance, and that at the time the present dispossessory warrant was taken out, on January 11, 1941, the rent was paid up to January 16, 1941, and that on January 16, 1941, he paid the rent for the balance of the month of January. It was admitted by the parties that the status of the tenancy in question was a tenancy at will. "Two months' notice is necessary from the landlord to terminate

a tenancy at will." Code, § 61-105. The only written notice to vacate in the record is the letter, dated October 24, 1940, requesting the tenant to vacate the premises by November 24, 1940. The plaintiff testified: "November 1 I again notified him to vacate the premises;" but she did not say that she gave him sixty-days notice, or to vacate by any certain date. The defendant testified "She has never given me sixty-days notice to vacate, but only thirty-days notice." While he testified that he knew for seventy-one days before the dispossessory warrant was sworn out that she was demanding possession, that he got a written notice to that affect, this can not be construed to mean that he was given a sixty-days notice to vacate, as he testified positively that he was not given such notice, only a thirty-days notice. And, as above stated, the only notice appearing in the record is the thirty-days notice. The evidence fails to show that the plaintiff gave the defendant the notice required by law to terminate the tenancy at will before the dispossessory warrant was sued out, and, furthermore, it shows that on January 3, 1941, the rent to January 16, 1941, was paid to and accepted by the plaintiff, and then the dispossessory warrant was taken out on January 11, 1941. Under the record as here disclosed and the law applicable thereto the plaintiff was not entitled to recover either on the ground that the defendant had failed to pay the rent, or on the ground that he was holding over and beyond his term. See *Byrne* v. *Bearden*, 27 *Ga. App.* 149 (107 S. E. 782); *Plowden* v. *Hall*, 55 *Ga. App.* 321 (190 S. E. 37). Consequently the court erred in directing the verdict for the plaintiff, and in overruling the defendant's motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*