Shaw v. Wolf

---

JAMES W. SHAW v. ELIZABETH B. WOLF, PETER H. WOLF AND EDMUND I. ADAMS

No. 7423DC626

(Filed 18 September 1974)

1. **Mortgages and Deeds of Trust § 24— foreclosure — special proceeding improper**

    A special proceeding in the superior court is not the proper proceeding for foreclosure of a mortgage or deed of trust.

2. **Mortgages and Deeds of Trust §§ 19, 36— injunction of foreclosure sale — estoppel to raise defenses**

    Since a special proceeding in the superior court for the purpose of foreclosing a deed of trust was a nullity, plaintiffs who executed the deed of trust were under no duty to file an answer in that proceeding, and their failure to do so did not create any estoppel to raise defenses against the foreclosure plaintiffs sought to enjoin in this action.

APPEAL by plaintiff from *Osborne, District Judge,* 23 January 1974 Session, District Court, ALLEGHANY County. Heard in Court of Appeals 6 September 1974.

Plaintiff instituted this action 31 December 1973, to restrain and enjoin the defendants from foreclosing under a deed of trust, lands described therein and located in Alleghany County. Plaintiff alleged that he and his wife had executed a deed of trust to Floyd Crouse securing an indebtedness of $5,000.00 to Edna R. Jennings; that Edna R. Jennings is now deceased; that during the years from 1962 to 1968 the plaintiff had done work for Mrs. Jennings and proceeds for such work were to be applied on the indebtedness; that the defendant, Elizabeth B. Wolf, since the death of Mrs. Jennings, has become the owner of the note secured by the deed of trust and has appointed Edmund I. Adams as substitute trustee in the deed of trust and has attempted to foreclose the deed of trust; that the plaintiff should be credited on the indebtedness for the work he had done for Mrs. Jennings during her lifetime in the amount of $4,999.00; that the defendants have refused to discuss the matter with him and have proceeded with an attempt to sell the property; that an errneous report of the foreclosure sale in the amount of $6,000.00 was reported to the clerk of superior court; that any confirmation of the sale would cause the plaintiff to suffer irreparable damage.

Ralph Davis, Chief District Court Judge for the Twenty-Third Judicial District, on 31 December 1973, issued a temporary restraining order restraining and enjoining the defendants from foreclosing the property and further ordered the defendants to show cause why the restraining order should not be made permanent.

The defendants filed an answer to the effect that all matters alleged in the complaint have previously been adjudicated in a special proceeding entitled *"Elizabeth B. Wolf and Peter H. Wolf, Petitioners v. James Shaw and Olene Shaw, Respondents"*; that said special proceeding was instituted 31 August 1972 and is still pending; that James Shaw entered an appearance in the special proceeding but failed to file any answer or otherwise defend and a judgment and order of sale had been entered and a foreclosure sale ordered; that the plaintiff Shaw had participated in the judicial sales and had caused upset bids to be filed each time a sale was made until the clerk of court ordered upset bidders to post bonds and that when this was done, this action

was brought; that all matters raised in this proceeding are *res judicata* and that the plaintiff is estopped from raising said matters in this action.

This cause was heard at the 23 January 1974 Session of the Alleghany District Court. After considering the pleadings, orders and other contents of the special proceeding entitled *"Elizabeth B. Shaw, et al v. James Shaw, et al"* presently pending before the Clerk of Superior Court of Alleghany County and after hearing arguments of counsel, the court concluded that the plaintiff Shaw "[b]y his failure to answer or otherwise respond to the pleadings filed and served on him in said Special Proceeding . . . has waived any defenses against the foreclosure he seeks to enjoin in this action, and he is thereby estopped to bring this action." The court further adjudicated that the matters and things alleged in the complaint in this action do not constitute a legal defense to the foreclosure proceeding sought to be enjoined, inasmuch as any claim of payment of the debt secured by the deed of trust should have been asserted against the estate of Edna Jennings. The court thereupon dismissed the action and dissolved the restraining order theretofore entered but continued the restraining order pending this appeal.

From this adjucation, the plaintiff appealed.

*Arnold L. Young for plaintiff appellant.*

*Edmund I. Adams for defendant appellees.*

CAMPBELL, Judge.

It is obvious that the district court judge based his decision upon the failure of the plaintiff Shaw to answer or otherwise plead in the special proceeding which was pending before the Clerk of Superior Court of Alleghany County and such failure on his part constituted a waiver of any defenses he had to the foreclosure proceedings. This necessitates an inquiry into the special proceeding.

As was stated in *Wadsworth v. Wadsworth*, 260 N.C. 702, 706, 133 S.E. 2d 681, 685 (1963) :

"There are certain absolute prerequisites of a valid judicial sale. ' . . . [I]t is necessary, in order that a judicial sale may be validly made, that the court by which it was ordered shall have the general power to decree a sale, and

Shaw v. Wolf

that in a particular case the jurisdiction of the court over the subject matter and parties shall have been acquired in a proper manner.' . . . "

[1] It is without question that the clerk of superior court has general jurisdiction of special proceedings. *Wadsworth v. Wadsworth, supra*. The question, however, still remains as to whether a special proceeding is proper for the foreclosure of a mortgage or deed of trust. The answer to this is in the negative. "A proceeding to foreclose a mortgage under an order of court is a civil action." 1 McIntosh, N. C. Practice, 2d Ed., § 239 (4). A foreclosure proceeding is an equity proceeding, and the clerk of superior court does not have any general equity jurisdiction. 1 McIntosh, N. C. Practice, 2d Ed., § 193, 2 McIntosh, N. C. Practice, 2d Ed., § 1695 (3).

[2] In the instant case, the petitioners, in the special proceeding which was and is pending, were attempting to use a special proceeding in lieu of a civil action for the purpose of foreclosing a deed of trust. This was an improper remedy, and since the clerk of superior court had no jurisdiction, the proceeding was a nullity. The respondents Shaw in that proceeding were under no duty to file an answer, and their failure to do so did not create any estoppel.

It is noted that the various sales of the land in question were conducted "under and by virtue of an Order of the Clerk of Superior Court and of the Power of Sale contained in a certain Deed of Trust." Thus, while the order of the clerk of superior court was a nullity, the sales being conducted under the power of sale contained in the deed of trust were valid.

Since Shaw was not estopped, the judgment dismissing his action was erroneous.

Reversed.

Judges PARKER and VAUGHN concur.