56481. HOWINGTON et al. v. W. H. FERGUSON & SONS, INC.

DEEN, Presiding Judge.

1. (a) The affidavit required by Code § 61-301 for the initiation of dispossessory warrant proceedings against tenants holding over, which under that Code section is to be made "before the judge of the superior court or any justice of the peace," includes such other judicial officers as may be authorized by law. *Young v. Cowles,* 128 Ga. App. 770 (197 SE2d 864) (1973). This includes a judge of the State Court of Gwinnett County. Code § 24-2106a. The affidavit was not subject to dismissal because made before a judge of that court, which has concurrent jurisdiction in such matters with the superior courts of this state.

(b) Nor is the proceeding void for lack of service. The officer serving the summons testified that he served both defendants (a father and son doing business as a named Amoco station); that both were working on a car at the time, their hands were greasy, and they instructed him to lay their respective summonses down in an area adjacent to that in which they were working.

(c) The written summons appearing in this record shows that the defendants are informed (a) that each has 7 days from the date of service to answer and that "the last date on which a default may be opened is (14) days from the date of service." Immediately below is a notice to the defendants that they were served on April 6, 1978, and the answer must be filed on April 13, 1978. This is a substantial compliance with Code Ann. § 61-302 (b) and is sufficient.

The motion to dismiss on the above grounds was properly denied.

2. Among the undisputed facts considered in granting the landlord's motion for summary judgment: C. Scott Ferguson was president of the plaintiff corporation and had leased the building to it; the plaintiff W. H. Ferguson & Sons, Inc. then leased it to the Howingtons; the latter lease was not in writing. "Sixty days' notice is necessary from the landlord to terminate a tenancy at will." Code § 61-105. If, as contended by the landlord, the oral lease was in fact a tenancy at will (although there is no evidence in the record that it had expired or had extended for over a year) then the landlord, to sustain its motion for summary judgment, must prove by undisputed evidence that the notice to terminate was timely given. The affidavit of the appellee's attorney states in part that the demand for possession in accordance with Code § 61-105 "was made orally and in writing on Saturday, January 28, 1978." This is countered by a general denial and by the affidavit of Jack Howington stating that "due and proper sixty day notice was never given to terminate the tenancy. Defendants are tenants under oral lease. Demand for possession as required by Code § 61-301 at the time plaintiff contends that defendants began to hold possession over and beyond their alleged term was never given." Appellees contend that this is a legally insufficient conclusion. We disagree. It is a denial of a viable notice under Code § 61-301 and, if ambiguous, must be construed against the movant for summary judgment. A proper and timely 60-day notice is a condition precedent to the action. *Terrell v. Griffith,* 129 Ga. App. 675, 677 (200 SE2d 485) (1973).

In view of the fact that the notice, at least, remains contested, we need not pass on the question of whether the alleged oral lease was properly proved, or whether the relationship between these parties was that of a tenancy at will. The grant of summary judgment was error.

3. A motion has been made in this court to deny the appeal on the ground that appellants have not paid the required rent into the registry of the court, which procedure by the appellant is a condition precedent to possession pending appeal. Code Ann. § 61-306. This court, however, is a court for the correction of errors of law and is not empowered to decide factual issues. The motion

is accordingly denied, and should be directed to the trial court under Code § 61-304 (c). The trial court may then hold a hearing and, if it finds that any rental payments appropriate under subdivisions (a) or (b) were not paid into the registry of the court when due, should immediately issue a writ of possession, unless the landlord has, by accepting rent or otherwise, estopped itself from insisting upon the writ.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 12, 1978 — DECIDED
OCTOBER 18, 1978.

*Charles S. Hunter,* for appellants.

*Tennant, Andersen & Davidson, T. Michael Tennant,* for appellee.