## 58653. PRIMAS v. SAULSBERRY.

BANKE, Judge.

This is an action for damages for false imprisonment and malicious prosecution arising out of the plaintiff's arrest on a warrant taken out by the defendant. The plaintiff alleged in his complaint that the warrant had been dismissed for lack of evidence and that the prosecution had thereby terminated in his favor. The defendant filed what amounted to a motion to dismiss the complaint and at the hearing thereon introduced a certified copy of a pending indictment charging the plaintiff with the same crime alleged in the arrest warrant. Based on this evidence, the trial court dismissed the complaint for failure to state a claim upon which relief could be granted. The plaintiff filed this appeal. *Held:*

1. The false imprisonment count was properly dismissed for failure to state a claim. "An imprisonment resulting from an arrest under a valid warrant will not give a right of action for false imprisonment." *Page v. Citizens Banking Co. of Eastman,* 111 Ga. 73 (7) (36 SE 418) (1900).

2. The dismissal of the malicious prosecution count was also proper in view of the undisputed evidence of the pending grand jury indictment. "One of the five essential elements for a cause of action for malicious prosecution is 'that the criminal prosecution was finally terminated legally in favor of the plaintiff.' *Powell v. Cohen,* 116 Ga. App. 48, 50 (156 SE2d 495) (1967). 'The prosecution must be ended before the right of action accrues.' Code Ann. § 105-806." *Earlywine v. Strickland,* 145 Ga. App. 626 (244 SE2d 118) (1978). The trial court's order, however, purports to be not only a dismissal but also a grant of summary judgment to the defendant. To the extent that the order is a grant of summary judgment, it is clearly unauthorized, since the defense that the prosecution has not terminated is one in abatement. In other words, the prosecution may yet terminate in the plaintiff's favor, and he may yet have a cause of action. "A motion for summary judgment is designed to test the merits of a claim and cannot be granted on matters in abatement. [Cits.] Such matters are properly disposed of pursuant to motion to

dismiss. See Code Ann. §§ 81A-112 and 81A-143 (b)." *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales, Inc.,* 149 Ga. App. 354, 357 (254 SE2d 426) (1979). The trial court's judgment with respect to the malicious prosecution count is accordingly reversed with direction that a new order be entered dismissing the claim "without prejudice." See generally 6 Moore's Federal Practice p. 56-56, ¶ 56.03.

*Judgment affirmed in part and reversed with direction in part. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED OCTOBER 26, 1979.

*Charles E. Moore,* for appellant.
*Robert H. Herndon,* for appellee.