58802. HARKINS v. HARKINS.

QUILLIAN, Presiding Judge.
Mary S. Harkins filed a proceeding against Miriam Ferrell Harkins, as a tenant holding over. The defendant filed an answer asserting that the complaint failed to state a claim against defendant upon which relief could be

granted and denying each and every allegation contained in the complaint. The defendant demanded a jury trial.

On March 6, 1979, prior to the time of, but on the day of, the trial, the defendant filed a motion to dismiss or in the alternative a plea in abatement. On that same day, the defendant's motion came on for, what we construe to be, a pretrial hearing. During consideration of the motion, counsel for the plaintiff made an oral motion for judgment on the pleadings and a writ of possession, and introduced into evidence an order of the Fulton Superior Court which in dissolving a lis pendens determined that the property involved in the dispossessory proceedings was that of Mary S. Harkins. Based on the superior court order, the trial judge entered an order granting the plaintiff's motion for judgment on the pleadings and issued the writ of possession in favor of the plaintiff. Appeal followed. *Held:*

The case must be reversed for two reasons.

1. The introduction of evidence converts a motion for judgment on the pleadings into a motion for summary judgment (*Norton Realty &c. Co. v. City of Gainesville,* 224 Ga. 166, 170 (160 SE2d 819)) and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by section 56 [Code Ann. § 81A-156]." CPA § 12 (Code Ann. § 81A-112 (c), Ga. L. 1966, pp. 609-622; as amended through Ga. L. 1972, pp. 689, 692, 693). As the motion was converted to one for summary judgment, the defendant was entitled to notice of the motion as required by CPA § 56 (c) (Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; as amended through Ga. L. 1975, pp. 757, 759)). *Jaymes v. Douglas,* 147 Ga. App. 678, 679 (250 SE2d 14); *Williams v. Columbus, Ga.,* 151 Ga. App. 311 (259 SE2d 705) (1979); *Riverhill &c. Assn. v. Bd. of Commissioners,* 236 Ga. 856, 859 (6) (226 SE2d 54); *Atlanta Assoc. v. Westminister Properties,* 242 Ga. 462, 464 (249 SE2d 252).

No notice was given.

2. Even if notice were not required, judgment for the plaintiff was not proper since the writ of possession would issue only if the plaintiff established the defendant was a tenant at sufferance. "A tenant at will is in possession by right with the consent of the landlord, either express or

implied; a tenant at sufferance is a wrong-doer and is in possession without the consent of the landlord, but as a result of his laches or neglect." *Willis v. Harrell,* 118 Ga. 906 (3) (45 SE 794). Ordinarily " '[a]n estate at sufferance is where one comes into possession of land by lawful title but keeps it afterward without any title at all.' " *Williams v. Durham,* 77 Ga. App. 840, 841 (50 SE2d 373). But there must be a showing of the relation of the parties for if the defendant were on the property by right, as evidenced by the will of both the landlord and tenant, the tenancy was at will (*Carruth v. Carruth,* 77 Ga. App. 131, 135 (48 SE2d 387)) and the tenant was entitled to the 60-day termination notice of Code § 61-105. *Howington v. Ferguson,* 147 Ga. App. 636 (2) (249 SE2d 687).

There being no evidence in this regard, the issuance of the writ of possession was error. See *Harrell v. Souter,* 27 Ga. App. 531 (2) (109 SE 301); *Mattox v. Chapman,* 67 Ga. App. 465, 467 (20 SE2d 859).

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED JANUARY 17, 1980.

*Joseph M. Todd,* for appellant.
*Stanley H. Nylen,* for appellee.