## 59650. BLANTON v. BLANTON.

DEEN, Chief Judge.

The appellee plaintiff alleged that he is a holder in due course of a note executed by the appellant, on which he guaranteed payment, and that the appellant has failed to pay same. The note, attached as an exhibit, shows that appellant designated the American National Bank of Brunswick as payee, that the due date was August 6, 1979, and that on its face there is the notation "Paid, 7 - 25 - 79" followed by two initials. Plaintiff's signature also appears beneath the note following a contract of guaranty.

The defendant's answer denies any indebtedness and pleads as a defense that the contract of guaranty was without consideration; that the plaintiff paid the debt in favor of the payee bank before it was due and that such action constitutes a voluntary payment which renders the plaintiff a mere volunteer under Code § 20-1007 and prevents him from recovering the face amount of the note.

The plaintiff then moved for and was granted a summary judgment, from which the defendant appeals.

The trial court in its order granting summary judgment correctly held that Code Ch. 109A-3 was "the controlling body of law in this case" which we take to represent a finding that the defense of "voluntary payment" is without merit. Whether or not Blanton in his capacity as guarantor paid his principal's debt prior to its due date, and whether or not he received a consideration for signing the guaranty contract, are aside from the point, as is also the issue of whether he would in fact have been liable to the payee bank when the note matured 12 days later. The fact that a guarantor received no consideration for his promise might release him from liability at

his own instance; it does not and is not intended to operate as a release of the principal debtor who is the putative extender of the recited "value received."

Nothing, however, in this record operates to prevent the payee bank from assigning the note to the plaintiff or the plaintiff from purchasing it prior to maturity and thereafter making demand on the defendant for payment, and this is apparently what happened. The question then arises as to what the plaintiff's position is. He alleges himself to be a holder in due course, that is, that he took the instrument for value, in good faith, and without notice of any defense. Code § 109A-3—302. Here the difficulty is that there is no assignment in writing which would constitute a negotiation of the paper under Code § 109A-3—202. Under Code § 109A-3—201 "negotiation takes effect only when the endorsement is made and until that time there is no presumption that the transferee is the owner." From the complaint and note attached thereto as an exhibit it appears only that the plaintiff has physical possession of the note. There is a further writing on the face of the instrument acknowledging payment, but from whom and to whom does not appear. The plaintiff has failed to allege that he paid the debt and, although he is obviously the transferee of the paper in his possession and therefore entitled to have the unqualified endorsement of the transferor (Code § 109A-3—201 (3)) his pleadings fail to show such an endorsement. We would accordingly be constrained to reverse the grant of summary judgment to the plaintiff except for the fact that the defendant has obligingly made out his case for him by setting out in the answer that the plaintiff did in fact pay the debt; he is therefore entitled to a transfer of the paper, which he has, and to an endorsement to himself, which he does not have. Since, however, the defendant has offered no justifiable defense, and has herself established, both in the pleadings and brief of counsel, that the plaintiff received the note in return for his payment to the bank, he is entitled to an endorsement as a matter of law. This being so, no jury question remains. The law does not insist on the performance of a useless act. Here the defendant did not raise the question of endorsement over in the trial court nor present any justifiable issue in its own defense, and there would be little to gain by reversing the case so that the plaintiff might receive a written assignment which he is entitled to as a matter of law.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED MAY 16, 1980.

*Albert E. Butler,* for appellant.
*Don Smart, William A. Zorn,* for appellee.