## 67075. FLEMING v. CARAS et al.

POPE, Judge.

This appeal arises from an action brought by appellant to recover on certain promissory notes. Appellant appeals from an order of the trial court granting appellees' motions to dismiss. Although purporting to grant the motions to dismiss, the order recites that the court "considered the briefs filed by the parties and the arguments of counsel . . . and the affidavits, depositions, and other evidence in the record, and . . . treated [appellees'] Motions to Dismiss as alternatively Motions for Summary Judgment under Rule 56 of the Georgia Civil Practice [A]ct."

Appellant enumerates two errors in the present appeal: (1) the substance of the trial court's order and (2) the trial court's conversion of the motions to dismiss to ones for summary judgment.

1. The trial court's order is in error insofar as it purports to grant summary judgment to appellees. Two reasons mandate reversal on this point: First, appellant was " 'entitled to notice of conversion of a motion to dismiss into a motion for summary judgment and 30 days to respond to such motion.' [*Riverhill &c. Assn. v. Cobb County Bd. of Commrs.*, 236 Ga. 856, 859 (226 SE2d 54) (1976)]. Accord, *Jaynes v. Douglas*, 147 Ga. App. 678, 679 (250 SE2d 14) [(1978)]; *Atlanta Assoc. v. Westminister [sic] Properties*, 242 Ga. 462, 464 (249 SE2d 252) [(1978)]. The record here is void of any notice or a showing that the [appellant] waived such notice. Since the [appellant] was entitled to notice that the motion was being treated as one for summary judgment, it was error to render judgment in favor of [appellees]." *Williams v. Columbus, Georgia*, 151 Ga. App. 311 (259 SE2d 705) (1979). Accord, *Burry v. DeKalb County*, 165 Ga. App. 246 (1) (299 SE2d 602) (1983); *Harkins v. Harkins*, 153 Ga. App. 104 (1) (264 SE2d 572) (1980). See OCGA § 9-11-12 (b); *Thrift v. Maxwell*, 162 Ga. App. 237 (1) (290 SE2d 301) (1982).

The second, and more important, ground for our reversal of summary judgment is the apparent basis for appellees' motions to dismiss, that the suit was not brought by the real party in interest pursuant to OCGA § 9-11-17 (a). A real-party-in-interest objection is a matter in abatement and does not go to the merits of the action. See *Rigdon v. Walker Sales & Service*, 161 Ga. App. 459 (2f) (288 SE2d 711) (1982). " 'A motion for summary judgment is designed to test the merits of a claim and cannot be granted on matters in abatement. (Cits.) Such matters are properly disposed of pursuant to motion to dismiss. See [OCGA §§ 9-11-12 and 9-11-43 (b)].' *C. W. Matthews Contracting Co. v. Capital Ford Truck Sales, Inc.*, 149 Ga. App. 354, 357 (254 SE2d 426) (1979)." *Primas v. Saulsberry*, 152 Ga. App. 88 (2) (262 SE2d 251) (1979).

2. The trial court's grant of appellees' motions to dismiss pursuant to OCGA § 9-11-17 (a) is enumerated as error by appellant. We must, thus, examine the substance of the basis of the motions, appellees' contention that the action on the promissory notes was not brought by the real party in interest. The trial court correctly considered these motions under OCGA § 9-11-43 (b) and exercised its discretion to determine the matter by apparent consideration of evidence presented in part by deposition and affidavits. See *Hart v. DeLowe Partners, Ltd.*, 147 Ga. App. 715 (1) (250 SE2d 169) (1978).

The promissory notes forming the foundation of this action show the only payee to be "GBM Corporation." The action was styled "Office Supply House, Inc. d/b/a GBM Corporation and Betty Fleming, Plaintiffs." Appellant Fleming concedes that suit was mistakenly brought on behalf of Office Supply House, Inc. and consented to its dismissal as a party plaintiff. Such dismissal was, in any event, not appealed. Additionally, Fleming concedes that "GBM Corporation" was never incorporated. Instead, it was the trade name used for a short period of time to conduct the business of disposing of certain inventory left over from a prior business enterprise with which she had been involved.

Fleming argues that, under OCGA § 10-1-491, the contract between "GBM Corporation" and appellees is not invalidated solely because the payee was an unregistered trade name. This is true; however, the inquiry is more aptly directed to the current capacity of "GBM Corporation" to bring suit on the promissory notes. "[A] suit may be instituted in the trade name of the plaintiff if it imports a legal entity." *Russell v. O'Donnell*, 132 Ga. App. 294, 295 (208 SE2d 107) (1974). In light of the evidence to show that "GBM Corporation" is not now, nor has it been for some time, operating as a business under such trade name, we find that at the time the suit was brought "GBM Corporation" was not a legal entity. Thus, "the suit could not proceed in its name, for a suit must proceed in the name of a legal entity." *Employers' Liability Assurance Corp. v. Keelin*, 132 Ga. App. 459, 462 (208 SE2d 328) (1974).

Fleming argues correctly that, as a natural person, suit may be brought in her name. However, since she seeks to recover in the name of Betty Fleming upon promissory notes made payable to "GBM Corporation," she is subject first to the general rule governing suits on contracts: "[A]n action on a contract, . . . shall be brought in the name of the party in whom the legal interest in the contract is vested. . . ." OCGA § 9-2-20 (a). At common law, a suit on a promissory note could be maintained only in the name of the original payee or a transferee by written assignment. See *Allen v. Commercial Credit Co.*, 155 Ga. 545 (117 SE 650) (1923). This rule was, however, changed with the enactment of the Uniform Commercial Code to al-

low a transferee for valuable consideration to sue in his own name without such written indorsement. See OCGA § 11-3-201. Fleming, in this case, can show no written indorsement, but by deposition she swears that she owned all assets of "GBM Corporation"; that the funds which furnished the consideration for the notes came from such "GBM" assets as well as her own individual funds; and that she does hold the notes and has held them from their execution, except for a brief period when they were pledged as security for a personal loan to her. On these facts, she is entitled to an indorsement. OCGA § 11-3-201 (3). One is, however, not necessary. See generally *Blanton v. Blanton*, 154 Ga. App. 646 (269 SE2d 505) (1980). We believe that Fleming has made such affirmative showing of transfer for value as to withstand appellees' motions to dismiss. Cf. *Atlas Finance Co. v. McDonald*, 110 Ga. App. 32 (2) (137 SE2d 762) (1964). See also *Associates Discount Corp. v. Brantley*, 102 Ga. App. 751 (1) (117 SE2d 916) (1960); *Stone v. Colonial Credit Co.*, 93 Ga. App. 348 (1, 2) (91 SE2d 835) (1956).

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 30, 1984 —

*John M. Comolli, Scott Sheridan,* for appellant.
*Speros D. Homer, Jr., Virginia S. Taylor, Alan R. Perry, Jr.,* for appellees.