A89A1713, A89A1714. BENNETT v. FINE JEWELERS
ATLANTIC GUILD, INC. et al.; and vice versa.
(390 SE2d 625)

POPE, Judge.

Appellant Cheryl Leah Shackelford Bennett was employed by Bailey, Banks & Biddle as a salesperson at its Perimeter Mall jewelry store. Several weeks after plaintiff began working at the store, a six-carat diamond ring, as well as several other pieces of jewelry, were reported missing. Defendant Fine Jewelers Atlantic Guild, Inc. (Fine Jewelers), which owns and operates Bailey, Banks & Biddle, sent two of its in-house security employees, defendants Don Prange and Susan Echols, to investigate. As part of their investigation, all employees of the store were required to undergo polygraph examinations. Based on the results of these examinations, several employees, including plaintiff, were asked to submit to re-examinations. Following these examinations, plaintiff remained under suspicion for the theft of the ring because of deceptive responses. Moreover, Robin Scheller, another employee, told the investigators plaintiff took the ring out of the envelope where it had been placed, tried the ring on her finger and commented on the value of the ring. Scheller also told the investigators plaintiff had walked to the back of the store with the ring in her possession and that plaintiff failed to bring the ring back to the desk and replace it. Scheller further stated that she believed the ring was in plaintiff's apartment.

Plaintiff denied ever having seen the missing diamond. She also told the investigators she was afraid Scheller had placed the diamond in her apartment in order to divert suspicion from herself. Prange and Echols conducted a thorough search of plaintiff's apartment (potted plant, sugar and flour containers emptied, freezer and clothes searched) but failed to uncover the diamond. However, following the search, the investigators contacted Detective Lanny Mosley of the

DeKalb County Police Department with the information they had acquired during their investigation. Plaintiff was subsequently arrested for theft of the diamond ring, pursuant to an arrest warrant sworn out by Echols, acting as Fine Jewelers' agent.

Plaintiff commenced the present action against defendants/appellees Fine Jewelers, Prange, Echols and others subsequently dismissed from the action by plaintiff. Plaintiff's amended complaint states claims for wrongful arrest and malicious prosecution. Defendants filed a motion for summary judgment, which the trial court granted on the basis that there had been no termination of the prosecution in plaintiff's favor. However, the trial court also found that genuine issues of material fact remained with regard to the elements of lack of probable cause and malice. In Case No. A89A1713 plaintiff appeals the trial court's grant of summary judgment to defendants; in Case No. A89A1714 defendants appeal the trial court's findings on the elements of probable cause and malice.

1. We agree with the parties that for purposes of the present appeal it is immaterial whether the tort alleged here is classified as a malicious arrest or whether it is classified as a malicious prosecution. "Malicious prosecution and malicious arrest differ only in that malicious prosecution contains the additional element of showing that a prosecution was carried on. [Cits.] To recover in tort for either malicious prosecution or malicious arrest, the [plaintiff] had the burden of showing that the prior criminal proceeding, whatever its extent, had terminated in her favor." *McCord v. Jones*, 168 Ga. App. 891, 892 (311 SE2d 209) (1983). Contrary to the trial court's finding, plaintiff argues the necessary favorable termination has been shown, as demonstrated by a letter sent to plaintiff by the assistant district attorney charged with prosecuting the charges against her. That letter states as follows: "Please be advised that the above-styled case will not be presented to the Grand Jury at this time. The case will remain closed unless other evidence is forthcoming or further evaluation becomes necessary." In support of their motion for summary judgment, defendants presented the assistant district attorney's affidavit, wherein he averred that although the case was not presented to the Grand Jury, "the proceeding is still pending, and there has been no formal entry of a dismissal of the charges. At any time, within four years of the date of the alleged theft, our office could proceed with the case and present it to the Grand Jury for an indictment."

"In *Grist v. White*, 14 Ga. App. 147, 149 (1) (80 SE 519) (1914), this court said: 'While, under the Code, an arrest under process of law will give rise to an action for damages, if the arrest be made with malice and without probable cause, still there must have been a *judicial ascertainment* of the fact that the arrest was unlawful, evidenced by *an order* dismissing the warrant or vacating the process under

which the arrest was made. (Cit.)' (Emphasis supplied.)" *Banta v. Quik-Thrift Food Stores*, 187 Ga. App. 250, 251 (370 SE2d 3) (1988). "The [assistant] district attorney's affidavit [as well as the letter relied on by plaintiff] shows the criminal [action is] still pending against plaintiff. . . . In the absence of a showing by the [plaintiff] that the prosecution has terminated in [her] favor, defendants are entitled to [dismissal of] the claims for malicious arrest." *Stephens v. Big Apple Supermarkets*, 130 Ga. App. 841, 843 (3) (204 SE2d 805) (1974). Accord *Hardee's Food Systems v. Hall*, 184 Ga. App. 586 (5) (362 SE2d 143) (1987); *Watkins v. Laser/Print-Atlanta*, 183 Ga. App. 172, 172-173 (1) (358 SE2d 477) (1987); *McCord v. Jones*, supra.

It does not follow, however, that the trial court was correct in granting *summary judgment* to defendants on this issue. In *Primas v. Saulsberry*, 152 Ga. App. 88 (262 SE2d 251) (1979), we held that the defense that the prosecution has not terminated in a malicious prosecution action is one in abatement, because the prosecution "may yet terminate in the plaintiff's favor, and he may yet have a cause of action." Id. at 88. " ' "A motion for summary judgment is designed to test the merits of a claim and cannot be granted on matters in abatement. (Cits.) Such matters are properly disposed of pursuant to [a] motion to dismiss. See (OCGA §§ 9-11-12 and 9-11-43 (b))." [Cits.]' " *Fleming v. Caras*, 170 Ga. App. 579 (317 SE2d 600) (1984). "The trial court's judgment with respect to the malicious [arrest] count is accordingly reversed with direction that a new order be entered dismissing the claim 'without prejudice.' " *Primas*, supra at 89.

2. Because we have determined that this action should be dismissed without prejudice, it is unnecessary for us to consider the issues raised by defendants in their cross-appeal.

*Judgment reversed and case remanded with direction in Case No. A89A1713. Appeal dismissed in Case No. A89A1714. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 2, 1990.

Edwin Marger, for appellant.
Long, Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Lance D. Lourie, for appellees.