IN THE SUPREME COURT OF NORTH CAROLINA

No. 229PA16

Filed 9 June 2017

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the C-BASS MORTGAGE
LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-RP2

v.

WILLIE LEE PINKNEY, CLARA PINKNEY, SIDDCO, INC., and POORE
SUBSTITUTE TRUSTEE, LTD

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous,
unpublished decision of the Court of Appeals, ___ N.C. App. ___, 787 S.E.2d 464
(2016), affirming an order entered on 5 March 2015 by Judge Patrice A. Hinnant in
Superior Court, Forsyth County. Heard in the Supreme Court on 11 April 2017.

> *Bradley Arant Boult Cummings LLP, by Brian M. Rowlson, for plaintiff-
> appellant.*

> *Law Office of Benjamin D. Busch, PLLC, by Benjamin D. Busch, for defendant-
> appellees Willie Lee Pinkney and Clara Pinkney.*

NEWBY, Justice.

Foreclosure by action or "judicial foreclosure," unlike non-judicial foreclosure
by power of sale, is an ordinary civil action governed by the liberal standard of notice
pleading. As such, a complaint is sufficient if it alleges a debt secured by a deed of
trust, a default, and the plaintiff's right to enforce the deed of trust. Here plaintiff's
complaint adequately states a cause of action for judicial foreclosure. The Court of
Appeals erred by applying the requirements applicable in non-judicial foreclosure by

power of sale to the plaintiff's judicial foreclosure action and, accordingly, we reverse the decision of that court.

In December 1997, defendants Willie Lee Pinkney and Clara Pinkney (collectively borrower) executed a promissory note with Ford Consumer Finance Company, Inc. (the Note) in the principal amount of $257,256.89 to purchase real property situated in Forsyth County. The debt is repayable through monthly installments due on the seventeenth of the month and matures on 17 December 2027. The Note includes default and acceleration provisions. The debt is secured by a deed of trust on the underlying real property, identified "as Lot No. 2, . . . SHERWOOD FOREST, . . . recorded in Plat Book 29, Page 22, in the Office of the Register of Deeds of Forsyth County." U.S. Bank National Association (the Bank)[1] alleges that it "is the present holder of the Note and Subject Deed of Trust and is the party entitled to enforce the same."

In September 2014, the Bank filed its complaint against borrower and the substitute trustee under the deed of trust in Superior Court, Forsyth County, seeking judicial foreclosure and judgment on the Note.[2] The Bank alleges, *inter alia*, that

---

[1] U.S. Bank National Association acts as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-RP2.

[2] The Bank alleges that defendant Poore Substitute Trustee, LTD is substitute trustee under the deed of trust and "is named in this action solely for notice purposes." The Bank successfully moved for default judgment against defendant Siddco, Inc. regarding its priority of interest claim on a previously recorded deed of trust, which is not a subject of this appeal.

"the Note evidences a valid debt owned [sic] by [borrower] to [the Bank]," that borrower "defaulted under the terms of the Note for failure to make payments," and that the Bank "has given [borrower] written notice of default," but that borrower has "refused . . . to make the payments required." The Bank claims that the outstanding balance on the Note is $268,171.13 plus "past due interest" of $118,055.05.

In regard to the Bank's authority to enforce the terms of the deed of trust, the complaint states that the Note was "transferred" several times, ultimately to the Bank. Ford Consumer Finance "endorsed" the Note to Credit Based Asset Servicing and Securitization, LLC (Credit Asset), which "assigned" the Note to the "Salomon Mortgage Loan Trust" Indenture, which "specifically endorsed" the Note to the Bank.[3]

The Bank also attached exhibits to its complaint, including Exhibit E (the Note), which includes allonges evidencing the two endorsements, and Exhibit G ("Assignment of Mortgage/Deed of Trust") evidencing the assignment, which states that Credit Asset "for value received, does by these presents grant, bargain, sell, assign, transfer and set over unto: [the Salomon Mortgage Loan Trust Indenture] . . . all of [its] right, title and beneficial interest in and to that certain Deed of Trust."

---

[3] Ford Consumer Finance Company, Inc. merged into Associates Home Equity Services, Inc., which executed the endorsement. Credit Asset assigned the Note to U.S. Bank "as Indenture Trustee under the Indenture, dated as December 14, 2001, Between Salomon Mortgage Loan Trust 2001-CB4, and U.S. Bank National Association, C-Bass Mortgage Loan Asset-Backed Notes," herein referred to as the "Salomon Mortgage Loan Trust Indenture."

Borrower moved to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Because the Bank "is not the original payee" under the Note, borrower argued that the Exhibits reveal a "lack of indorsement from the predecessor in the chain of title[, which] is fatal to the Plaintiff's claim of being holder entitled to enforce the instrument."[4] The trial court dismissed the action with prejudice, and the Bank appealed.

The Court of Appeals affirmed the trial court's dismissal order. *U.S. Bank v. Pinkney*, ___ N.C. App. ___, 787 S.E.2d 464, 2016 WL 2647709 (2016) (unpublished). Applying the requirements of N.C.G.S. § 45-21.16(d) applicable to non-judicial foreclosures by power of sale, the Court of Appeals found that the Bank failed to establish its status as a holder of the Note and therefore did not have the right to foreclose. *Pinkney*, 2016 WL 2647709, at *3-5 (citing and quoting *In re Foreclosure of Gilbert*, 211 N.C. App. 483, 490, 711 S.E.2d 165, 170 (2011) (requiring holdership status to foreclose under subsection 45-21.16(d))). Because the Bank "was not the original holder of the Note," *id.* at *4, the court reasoned that "each transfer required indorsement of the Note from one holder to the next," *id.* (quoting *In re Foreclosure of Bass*, 366 N.C. 464, 469, 738 S.E.2d 173, 176 (2013)). Though "plaintiff alleged . . .

---

[4] Borrower also argued that Exhibit E (the Note) failed to establish a negotiable instrument or an instrument under seal, and that the statute of limitations therefore barred "any cause of action against the Defendants on the Note."

that it was the present holder of the Note and Subject Deed of Trust," *id.* at *6, the court nonetheless concluded that the Exhibits lacked an essential "indorsement from Credit Asset"—in other words, that the assignment was an inadequate indorsement, *id.* at *5. Therefore, the court found that "plaintiff cannot establish that it is the holder of the Note." *Id.*[5] We allowed the Bank's petition for discretionary review.

We review dismissals under Rule 12(b)(6) de novo, *Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013), "view[ing] the allegations as true and . . . in the light most favorable to the non-moving party," *Kirby v. NCDOT*, 368 N.C. 847, 852, 786 S.E.2d 919, 923 (2016) (citing *Mangum v. Raleigh Bd. of Adjust.*, 362 N.C. 640, 644, 669 S.E.2d 279, 283 (2008)). The complaint is construed liberally, and dismissal is appropriate "if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory," *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 364 N.C. 222, 225, 695 S.E.2d 437, 440 (2010) (citations omitted), or "no law exists to support the claim made," *id.* at 225, 695 S.E.2d at 440 (quoting *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)).

The precise question presented is whether the complaint reveals sufficient allegations to survive borrower's motion to dismiss the Bank's judicial foreclosure claim. Here the complaint provides adequate notice of the claim. Because the Court of Appeals applied the requirements applicable to non-judicial foreclosure by power

---

[5] Having so held, the Court of Appeals did not reach borrower's statute-of-limitations argument. *Pinkney*, 2016 WL 2647709, at *6.

of sale, not judicial foreclosure, we conclude that the court erred and that dismissal on that basis was improper.

North Carolina law has long recognized a creditor's right to proceed with non-judicial foreclosure by power of sale or foreclosure by action (judicial foreclosure). *In re Foreclosure of Lucks*, ___ N.C. ___, ___, 794 S.E.2d 501, 504-05 (2016); *e.g.*, *Blackledge v. Nelson*, 16 N.C. (1 Dev. Eq.) 418, 419 (1830). "Non-judicial foreclosure by power of sale arises under contract and is not a judicial proceeding." *In re Lucks*, ___ N.C. at ___, 794 S.E.2d at 504 (citation omitted). Judicial foreclosure, on the other hand, is an ordinary civil action. *See Shaw v. Wolf*, 23 N.C. App. 73, 76, 208 S.E.2d 214, 216 (1974) ("A proceeding to foreclose a mortgage under an order of court is a civil action." (quoting 1 Thomas Johnston Wilson, II & Jane Myers Wilson, *McIntosh North Carolina Practice and Procedure* § 239(4), at 151 (2d ed. 1956))); *see also* N.C.G.S. § 1-339.1(a)(1) (2015) ("A judicial sale . . . is not . . . [a] sale made pursuant to a power of sale . . . [c]ontained in a mortgage, deed of trust . . . .").[6] As such, the Rules of Civil Procedure apply, and the parties are entitled to all the benefits and procedures available in a civil action, including the opportunity for discovery, to

---

[6] Generally, judicial foreclosure is favored when non-judicial foreclosure by power of sale is impracticable, for example "where a poorly drafted mortgage or deed of trust omits the granting of an express power of sale to the [creditor]," James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 13.30[1], at 13-56.4 n.213 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 6th ed. 2016), or "when a lien priority is disputed," 1 Grant S. Nelson et al., *Real Estate Finance Law* § 7:12, at 904 (6th ed. 2014), which may obviate "title problems for the sale purchaser," *id.*

present and defend evidence, and to make legal arguments. *See In re Lucks*, ___ N.C. at ___, 794 S.E.2d at 503 (The Rules are "applicable to formal judicial actions [for foreclosure]."); *see also* N.C.G.S. § 1A-1, Rule 1 (2015) ("These rules shall govern . . . all actions and proceedings of a civil nature . . . .").

Procedurally, to pursue a claim for judicial foreclosure, the creditor files a complaint "in the county in which the subject [property] of the action, or some part thereof, is situated," N.C.G.S. § 1-76 (2015), "praying that the real property be sold under judicial process and that the proceeds be applied to the mortgage debt," James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 13.30[1], at 13-56.4 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 6th ed. 2016) [hereinafter *Webster's*]; *see In re Lucks*, ___ N.C. at ___, 794 S.E.2d at 505 (Unlike judicial foreclosure, "non-judicial foreclosure does not require the filing of an action."); *see also* N.C.G.S. § 1A-1, Rule 3(a) (2015) ("Commencement of action."). The complaint must allege, at minimum, a debt, default on the debt, a deed of trust securing the debt, and the plaintiff's right to enforce the deed of trust. *See Webster's* § 13.30[4], at 13-57 ("The complaint . . . must set forth the mortgage contract, alleging facts entitling the plaintiff to a money judgment by reason of a breach or default, identifying the mortgaged property, and asking for a foreclosure of the mortgage security.").

If successful, the creditor obtains a judgment on the debt and a foreclosure decree, culminating in judicial sale of the mortgaged property. *See* N.C.G.S. § 1-243 (2015) ("The Supreme and other courts [may] order[ ] a judicial sale . . . ."); *id.* § 1-

339.3A (2015) (allowing the court to order public or private sale); *id.* § 1-339.4 (2015) (allowing the court to appoint various persons, including the trustee under the deed of trust, to hold the sale); *see also Webster's* § 13.30[4], at 13-57 ("The decree contains not only an order for a sale of real property to satisfy the debt, but . . . the court's directions for conduct of the sale."). Article 29A of Chapter 1 of our General Statutes governs judicial sale and foreclosure of the mortgaged property. *See* N.C.G.S. § 1-339.1(a) ("A judicial sale is a sale of property made pursuant to an order of [the court] . . . , including a sale pursuant to an order made in an action in court to foreclose a mortgage or deed of trust . . . ."); *see also A Survey of Statutory Changes in North Carolina in 1949*, 27 N.C. L. Rev. 405, 479-81 (1949) (discussing the purpose of Article 29A, judicial sales, and sales under a power of sale).

As with any other civil action, a creditor seeking judicial foreclosure is not required to prove its entire case at the initial pleading stage. *See In re Lucks*, ___ N.C. at ___, 794 S.E.2d at 505 (Non-judicial foreclosure by power of sale, on the other hand, requires that the "creditor must show the existence of" all the subsection 45-21.16(d) elements to proceed.). The complaint need only contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series [thereof], intended to be proved showing that the [creditor] is entitled to relief." N.C.G.S. § 1A-1, Rule 8(a) (2015). Thus, the complaint "is adequate if it gives sufficient notice of the claim asserted 'to enable the [borrower] to answer and prepare for trial . . . and to show the type of case brought.' "

*Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 165 (1970) (quoting 2A James Wm. Moore et al., *Moore's Federal Practice* § 8.13 (2d ed. 1968)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules . . . ."  *Pyco Supply Co. v. Am. Centennial Ins. Co.*, 321 N.C. 435, 442-43, 364 S.E.2d 380, 384 (1988) (citing *Sutton*, 277 N.C. at 102, 176 S.E.2d at 165).

Here the Bank pled the facts and circumstances necessary to give borrower adequate notice of the judicial foreclosure claim.  The complaint states that borrower "executed a Note in the principal amount of $257,256.89," which "evidences a valid debt owned [sic] by [borrower] to [the Bank]," "secured by a Deed of Trust" on the underlying real property.  The Bank further alleged that it "is the holder of the Note" and listed a series of Note transfers that ultimately ended with the Bank.  The Bank expressly requested "to foreclose its lien by way of judicial foreclosure pursuant to the Subject Deed of Trust . . . as provided by N.C.G.S. § 1-339 et seq.," and prayed "that the Subject Property be sold under and [through] judicial process."  These allegations are plainly sufficient to satisfy the substantive elements for a judicial foreclosure claim.  *Cf. Embree Constr. Grp. v. Rafcor, Inc.*, 330 N.C. 487, 501, 411 S.E.2d 916, 926 (1992) (finding "under the liberal concept of notice pleading" that the allegations gave "sufficient notice of the events" and substantive elements of the plaintiff's tort claim).

Though the Bank elected to attach additional Exhibits in support of its claim, the Exhibits do not deprive borrower of adequate notice of foreclosure by judicial

action. *See Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979) ("[W]hen the allegations in the complaint give sufficient notice of the wrong complained of an incorrect choice of legal theory should not result in dismissal."). The Bank is entitled to submit and prove by evidence at trial its right to foreclose in a number of ways.[7] Borrower is free to defend the action, such as by raising evidentiary objections and testing the legal sufficiency of the Bank's case. *See Thompson v. Osborne*, 152 N.C. 408, 410, 67 S.E. 1029, 1029 (1910) (noting that the defendant was entitled to assert legal and equitable defenses in response to an action on the note at trial). A missing indorsement at this initial notice-pleading stage does not preclude the Bank from proceeding with its civil action. *See In re Lucks*, ___ N.C. at ___, 794 S.E.2d at 506. The Court of Appeals therefore erred by applying the statutory requirements of N.C.G.S. § 45-21.16(d) applicable to non-judicial foreclosure by power of sale to the Bank's judicial foreclosure action *sub judice*.

---

[7] *See, e.g.*, N.C.G.S. § 25-3-301 (2015) (" 'Person entitled to enforce' an instrument" includes holder and nonholder in possession); *id.* § 25-3-309 (2015) (allowing "[a] person not in possession" to enforce an instrument when it is lost, destroyed, or stolen); *see also, e.g.*, 25-3-203(b) (2015) (vesting transferee with transferor's rights to enforce the instrument); *id.* § 25-3-203(c) (2015) (providing transferee for value the "enforceable right to the unqualified indorsement of the transferor"); *see also Norfolk Shipbuilding & Drydock Corp. v. Carlyle*, 242 B.R. 881, 887 (Bankr. E.D. Va. 1999) ("[T]he absence of an endorsement does not . . . deprive a transferee of the right to enforce the instrument."); *Pierce v. DeZeeuw*, 824 P.2d 97, 100 (Colo. App. 1991) (applying the indorsement exception under the predecessor of U.C.C. § 3-203(c) to an assignment), *cert. denied*, Colo. Sup. Ct., (Feb. 18, 1992) (unpublished); *Fleming v. Caras*, 170 Ga. App. 579, 580, 317 S.E.2d 600, 602 (1984) (reversing dismissal because the plaintiff was "entitled to an indorsement" under the predecessor of U.C.C. § 3-203(c)).

In sum, the Bank adequately pled its claim for judicial foreclosure. Because the Court of Appeals failed to analyze the complaint under the notice-pleading standard applicable to judicial foreclosures, we reverse the decision of that court and remand this case to the Court of Appeals for consideration of borrower's remaining issue on appeal.

REVERSED AND REMANDED.